DANIEL J. CRADY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crady v. Commissioner
Docket No. 25705-84.
United States Tax Court
T.C. Memo 1987-274; 1987 Tax Ct. Memo LEXIS 274; 53 T.C.M. (CCH) 971; T.C.M. (RIA) 87274; June 2, 1987. Daniel J. Crady, pro se. James A. Nelson, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: Respondent determined deficiencies in and additions *275 to petitioner's income taxes as follows: Additions to tax
Section
section
Section
Year
Deficiency
6651(a)(1) [1]
6653(a)(1), (2) [2]
6654(a)
1980
$6,708
$1,054
$335
$228 1981
3,144
786
$157 plus 50%
243
of interest on
underpayment of
$3,144
1982
24,944
5,716
$1,247 plus 50%
2,176
of interest on
underpayment of
$24,944
After concessions, the issues in this fully stipulated case are (1) whether petitioner has an overpayment of $1,982 within the meaning of section 6511 and section 6512 for the year 1980, and (2) whether respondent properly determined that there are additions to tax due from petitioner under sections 6651(a)(1), 6653(a)(1) and (2), and 6654(a) for the years in issue. The stipulation of facts and exhibits associated *276 therewith are incorporated herein by reference. Petitioner resided in Anchorage, Alaska at the time he filed his petition. For each of the years 1980, 1981 and 1982, petitioner filed a Porth-type income tax return in which he set forth Fifth Amendment arguments and did not supply sufficient information from which his income tax liability could be computed. After filing the returns, petitioner failed or refused to cooperate with respondent's agents in their attempts to determine his correct tax liability. Consequently, on May 7, 1984, respondent mailed the notice of deficiency from which petitioner filed his timely petition. Thereafter, petitioner supplied one of respondent's appeals officers with his books and records and with these the parties have computed and agree that his correct income tax liabilities for the years in issue are as follows: Year
Income Tax
1980
$553
1981
4,335
1982
11,209
The parties further agree that for 1980 the total income tax withheld from petitioner's wages exceeded his correct income tax liability by $1,982 (withholding tax totaling $2,535 less his correct tax liability of $553). Both parties also realize that in a proceeding *277 before this Court an overpayment cannot be determined unless a timely claim for the refund of the overpayment had been filed or could have been filed under section 6511 at the time the deficiency notice was mailed to the taxpayer by respondent. Section 6512(b)(2)(B) and (C). Petitioner, however, contends that his 1980 Porth-type return which was timely filed constituted a valid return and, therefore, we should determine that he is entitled to an overpayment. Respondent contends that petitioner's return for 1980 did not constitute a valid return and, consequently, under section 6511(a) no claim for refund had been filed or could have been filed on May 7, 1984, the date of the deficiency notice, because that date was more than two years after April 15, 1981, the last date for filing the 1980 return. Section 6511(a), (b)(2)(B) and (C). [3]
Unfortunately for misguided taxpayers such as petitioner in this case a return which merely raises Fifth Amendment assertions and does not supply sufficient information from which the taxpayer's tax can be computed, does not constitute a valid income tax return. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); *278 United States v. Klee,494 F.2d 394 (9th Cir. 1974), cert. denied 419 U.S 835 (1974); United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). Consequently, the recovery of his 1980 overpayment is barred. Respondent determined that petitioner is liable under sections 6651(a)(1), 6653(a)(1) and (2) and 6654(a) for additions to tax for failure to file a timely return, negligence, and underpayment of estimated tax, respectively. Petitioner has the burden of proof on this issue. Benn v. Commissioner,366 F.2d 778 (5th Cir. 1966), affg. a Memorandum Opinion of this Court, cert. denied 389 U.S. 833 (1967); Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Enoch v. Commissioner,57 T.C. 781, 802 (1972). On brief he has conceded liability for the addition to tax under section 6654(a) but argues with respect to the other additions that he filed valid income tax returns. As previously stated, a Porth-type return is no return at all. Furthermore, the "refusal to file any return at all has never been protectable by a taxpayer's privilege *279 against self-incrimination," [United States v. Carlson,617 F.2d 518, 523 (9th Cir. 1980), cert. denied 449 U.S. 1010 (1980)] and "[m]erely relying upon [his] own uninformed beliefs that [he was] excused from answering such questions is clearly insufficient to constitute reasonable cause for failure to file." Thompson v. Commissioner,78 T.C. 558, 563 (1982). On this record we are unable to find that petitioner has established reasonable cause for failing to file timely valid returns or that his conduct with respect to his tax liabilities did not constitute negligence. Respondent's determinations with respect to the additions to tax are sustained. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise provided. ↩
2. Section 6653(a)(2) provides for an additional 50 percent of the interest due on the underpayment due to negligence.↩
3. See also Nason v. Commissioner,T.C. Memo. 1984-534↩.