A. GRAYSON LYNN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lynn v. Commissioner
Docket No. 41383-86.
United States Tax Court
T.C. Memo 1988-401; 1988 Tax Ct. Memo LEXIS 428; 55 T.C.M. (CCH) 1728; T.C.M. (RIA) 88401; August 29, 1988; As amended September 6, 1988 A. Grayson Lynn, pro se. Randall P. Andreozzi, for the respondent. RUWE
MEMORANDUM OPINION RUWE, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)(1)
1978
$  2,307
$   258.25
$ 115.35
1979
6,027
755.50
301.35
1980
7,084
868.50
354.20
1981
9,099
1,115.25
454.95
1982
10,286
1,251.00
514.30
1983
9,778
1,136.50
488.90
Additions to Tax
Year
Sec. 6653(a)(2)
Sec. 6654(a)
1978
50 percent of
$  22.86
interest due
on $ 2,307.
1979
50 percent of
94.99
interest due
on $ 6,027.
1980
--
164.19
1981
50 percent of
253.61
interest due
on $ 9,099.
1982
50 percent of
359.03
interest due
on $ 10,286.
1983
50 percent of
198.00
interest due
on $ 9,788.
*430 After concessions, the remaining issues for decision are: (1) whether petitioner is entitled to a dependency exemption for his spouse for the taxable years 1982 and 1983; (2) whether petitioner made an overpayment for excess withholdings for the taxable years 1978 through 1980; and (3) whether petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654(a). For sake of convenience, our findings of fact and opinion are combined. Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by this reference. Petitioner resided in Berlin, New Hampshire when he filed his petition. Issue 1. Dependency Exemption
During the taxable years at issue, petitioner was married to Nelda Lynn (Ms. Lynn) but petitioner and Ms. Lynn separated in the spring 1983. Ms. Lynn filed a separate Federal income tax return for the taxable years 1982 and 1983. On her 1982 return, Ms. Lynn *431 claimed one exemption and listed wages of $ 1,104.00 and adjusted gross income of $ 3,303.78. On her 1983 return, Ms. Lynn reported taxes withheld of $ 352.00. Her total 1983 tax liability was $ 271.00. Petitioner filed no returns for the taxable years 1982 and 1983. Petitioner claims he is entitled to a dependency exemption for Ms. Lynn for the taxable years 1982 and 1983. Section 151(b) allows a taxpayer an exemption for his spouse if (1) the taxpayer and his spouse do not file a joint return, (2) the spouse is not the dependent of another taxpayer, and (3) the spouse has no gross income for the calendar year in which the taxable year of the taxpayer begins. If the spouse has any gross income during this period, even though not a sufficient amount to require her to file a return, the taxpayer is not entitled to an exemption for her. Sec. 1.151-1(b), Income Tax Regs.
Ms. Lynn realized gross income in both 1982 and 1983. Accordingly, petitioner is not entitled to an exemption for her on his separate return under section 151(b). Petitioner contends that he may claim his wife as a dependent under section 152. Section 152(a)(9) precludes a taxpayer from claiming his spouse *432 as a dependent. Respondent is sustained on this issue. Issue 2. Withholdings in Excess of Tax Liability
Petitioner has failed to file Federal income tax returns for the taxable years 1977 through 1983. Petitioner claims that he is entitled to determination of an overpayment for the amounts withheld from his wages during the years 1975 through 1980 which were in excess of his tax liability for those years. Section 6511 provides that a taxpayer must file a claim for credit or refund of an overpayment of tax within 3 years from the time the return was filed or 2 years from the date the tax was paid, whichever period expires later. A taxpayer who fails to file a return must file the claim for credit or refund within 2 years from the date the tax was paid. Sec. 6511(a). For purposes of section 6511, any tax withheld at its source is deemed to have been paid on the fifteenth day of the fourth month following the close of the taxable year. Sec. 6513(b). We note first, that the years 1975 through 1977 are not before the Court. Further, the time for filing a claim for refund for the last year at issue, 1980, expired on April 15, 1983. Section 6512(b)(2)(B) provides that *433 in cases before this Court, no credit or refund shall be allowed unless the taxpayer could have filed the claim on the date of the mailing of the notice of deficiency. In this case the deficiency notice was mailed on July 17, 1986. Accordingly, the two-year period of limitations expired before the deficiency notice was mailed. We find for respondent on this issue. Issue 3. Additions to Tax - Sections 6651(a), 6653(a), and 6654(a)
Petitioner failed to file returns for the taxable years 1977 through 1983. Respondent determined that petitioner is liable for additions to tax under section 6651(a). Section 6651(a) imposes an addition to tax upon a taxpayer who fails to file a timely return, unless the taxpayer shows that his failure to file was due to reasonable cause and not to willful neglect. Petitioner bears the burden of proof on this issue. Shomaker v. Commissioner,38 T.C. 192, 202 (1962); Rule 142(a). Petitioner did not testify at trial and has introduced no evidence to show that his failure to file was due to a reasonable cause. Accordingly, the imposition of an addition to tax under section 6651(a) is appropriate. Respondent also determined *434 that petitioner is liable for additions to tax under section 6653(a) for negligence or intentional disregard of rules or regulations and under section 6654 for underpayment of estimated tax. Petitioner bears the burden of proving that respondent erred in imposing these additions to tax. Rule 142(a). Petitioner has presented no evidence with respect to these additions to tax. Accordingly, we find for respondent on this issue. [2]
Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code, as amended and as in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. As a result of the concessions between the parties, the amounts of these additions to tax under sections 6651(a), 6653(a), and 6654(a) must be recalculated in a Rule 155 computation. ↩