HENRY H. LILES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Liles v. Commissioner
Docket No. 33076-88
United States Tax Court
T.C. Memo 1989-613; 1989 Tax Ct. Memo LEXIS 613; 58 T.C.M. (CCH) 680; T.C.M. (RIA) 89613; November 13, 1989
Henry L. Liles, pro se. Steven J. Sibley, for the respondent. MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A of the Code and Rule 180. [1]
Respondent determined a deficiency in petitioner's 1983 Federal income tax in the amount of $ 3,558, together with an addition to tax under section 6651(a)(1) in the amount of $ 889.50, under section 6653(a)(1) in the amount of $ 177.90, under section 6653(a)(2) in the amount of 50 percent of the interest due on $ 3,558, and under section 6654(a) *616 in the amount of $ 217.79. The only issue remaining for decision in this matter is whether overpayments in tax for 1983 are due petitioner as a result of income tax withholdings. Respondent agrees that petitioner has no income tax deficiency and that he is not liable for any of the determined additions to tax. Respondent has moved for entry of decision in this regard, and asks that our decision indicate no overpayment in tax for 1983. Petitioner resided at Cupertino, California, when he filed his petition. During 1983, petitioner had income and tax withholding from the following sources: Income Tax Withheld
Menlo Service Corporation
$ 13,328
$ 2,584.00
West Valley Engineering, Inc.
5,283
1,069.08
West Valley Engineering, Inc.
6,219
1,295.80
Adia Temporary Service
3,040
not known
Petitioner had a serious fire in his house during 1983, which left him in a shocked state and his records in disarray. Subsequently, he was burglarized and then suffered severe physical problems. As a result, petitioner did not file his 1983 Federal income tax return. Respondent has agreed, as stated above, that petitioner is not liable for any deficiency in tax *617 or additions to tax in 1983. We consider only whether petitioner is entitled to an overpayment of the excess taxes withheld from his wages. Section 6513(b)(1) provides, in general, that any tax deducted and withheld at the source during any calendar year shall "be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31." Thus, all of the taxes withheld from petitioner's wages during 1983 are deemed to have been paid by him on April 15, 1984. Congress has provided by statute certain time limitations on the allowance of credits and refunds. Section 6511(a) provides, generally, that a claim for credit or refund shall be filed by a taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later. Section 6511(a) further provides that claim for credit or refund must be filed by a taxpayer who has filed no return within two years from the time the tax was paid. If a taxpayer does not comply with the period of limitations on filing claims as prescribed in section 6511(a), then no credit *618 or refund is allowed. Sec. 6511(b)(1). Petitioner, therefore, to recover his excess withholding, must have filed his claim on or before April 15, 1986. . Further, section 6511(b)(2)(B) limits the amount of credit or refund to the portion of the tax paid during the two years immediately preceding the filing of the claim where no return is filed. Sec. 301.6511(b)(1)(iii), Proced. & Admin. Regs. Lastly, section 6512(b), which gives this Court jurisdiction to determine an overpayment, limits the amount to be credited or refunded to that portion of the tax the Tax Court determines to have been paid either after the mailing of the notice of deficiency or paid within the two-year period applicable under section 6511(b)(2). Sec. 6512(b)(3)(A) and (B). A claim for refund need not actually be filed. Section 6512(b)(3)(B) only requires that a timely claim could have been filed seeking an overpayment at the time the deficiency notice was mailed, i.e., "that the overpaid taxes were not yet barred for credit or refund when the notice of deficiency was issued." . The *619 deficiency notice was mailed on September 27, 1988. At that date a timely claim for refund could not have been filed. Petitioner accordingly is entitled to recover only those 1983 taxes paid subsequent to September 27, 1986. However, the record does not disclose any payments made after that date. All of the withheld amounts are deemed to have been paid on April 15, 1984, well prior to the September 27, 1986, date, and accordingly, by statute, petitioner is not entitled to a decision that he has an overpayment. Respondent's motion for entry of decision is granted and decision will be entered indicating no deficiency, no additions to tax and no overpayment. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable year in question unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩