ROBERT C. HALL, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hall v. Commissioner
Docket No. 21284-88
United States Tax Court
T.C. Memo 1989-651; 1989 Tax Ct. Memo LEXIS 652; 58 T.C.M. (CCH) 879; T.C.M. (RIA) 89651; December 11, 1989
Robert C. Hall, Jr., pro se. Donna C. Hansberry and Steedly Young, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency in and additions *654 to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
§ 6651(a)(1) [1]
§ 6653(a)(1)
§ 66531(a)(2)
§ 6661
1985
$ 45,209
$ 1,751
$ 2,260.45 *
$ 11,302.25
After concessions [2] the issues remaining for decision are: 1) whether petitioner is entitled to an overpayment of tax of $ 23,400 (prepayment credits of $ 38,205.00 less tax liability of $ 14,805.00) in taxable year 1985; and 2) whether petitioner is liable for an addition to tax under section 6653(a)(1) for taxable year 1985. *655 Petitioner, Robert C. Hall, Jr., resided in Arlington Heights, Illinois, when the petition in this case was filed. This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and exhibits attached thereto are incorporated by reference. The first issue is whether petitioner is entitled to an overpayment of tax in 1985. Respondent argues petitioner has not filed a timely claim for refund pursuant to section 6511, therefore section 6512(b)(3) bars an overpayment determination. Petitioner asserts the claim for refund was submitted timely under section 6511; therefore, it is not time barred. We agree with respondent. The parties have stipulated no taxes were paid after the notice of deficiency was mailed, and no claim for refund was filed before the notice of deficiency was mailed. Section 6511(a) limits refunds to situations where the claim for refund was filed within 3 years from the date the "return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." Section 6512(b)(3) [3] puts additional limits on the amount *656 of credit or refund allowed. It is clear section 6512(b)(3)(A) does not apply since no tax was paid after mailing of the statutory notice. It is also clear section 6512(b)(3)(C) does not apply because no claim for refund was filed before mailing of the statutory notice. The question of section 6512(b)(3)(B)'s applicability is somewhat more complicated. *657 Pursuant to section 6512(b)(3)(B) the Court cannot determine an overpayment unless a timely claim for refund had been or could have been made under section 6511 on the date the notice of deficiency was mailed. White v. Commissioner, 72 T.C. 1126 (1979); Nason v. Commissioner, T.C. Memo. 1984-534. The code provides the operative date for purposes of section 6511(a) is the date the notice of deficiency was mailed. The parties have stipulated no return had been filed for taxable year 1985 at the time the notice of deficiency was mailed. Therefore, we have a situation in which, for purposes of section 6511(a), no return was filed. Accordingly only taxes paid within the two years proceeding the mailing of the notice of deficiency are subject to an overpayment determination. See sec. 6511(a). Petitioner paid no taxes for the taxable year in question within that time frame. Therefore an overpayment for taxable year 1985 is barred. The final issue for decision is whether petitioner is liable for an addition to tax for negligence pursuant to section 6653(a)(1). Petitioner argues section 6653(a)(1) provides for addition to tax based on the amount of *658 the underpayment for that taxable year and there is no underpayment. Therefore, petitioner asserts, there can be no 6653(a)(1) addition to tax for the year in dispute. Respondent argues there is an underpayment of $ 14,805.00 according to section 6653(c). We agree with respondent. Section 6653(c) defines an underpayment for purposes of section 6653(a)(1) as the amount by which the tax imposed exceeds the sum of the amount shown by the taxpayer as tax upon his return plus amounts previously assessed. For the purposes of 6653(c) tax shown on the return is considered only if the return was filed on or before the last day prescribed for filing such return. The parties have stipulated the return for taxable year 1985 was not filed on or before the last day prescribed for filing. Therefore the entire amount of tax found to be due for the year in issue, $ 14,805.00, is an underpayment. It is clear petitioner's failure to file a timely return was due to his failure to make a reasonable attempt to comply with the provisions of this code. Accordingly, we hold for respondent. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. * 50% of the interest payable under I.R.C. 6601↩ with regard to the portion of the underpayment attributable to negligence.
2. Respondent conceded the section 6651(a)(1), the section 6653(a)(2), and the section 6661 additions to tax. It was further stipulated petitioner's taxable income for 1985 is $ 59,861.00 and petitioner's tax liability for 1985 is $ 14,805.00, not taking into consideration prepayment credits of $ 38,205.00.↩
3. (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c) or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.↩