GARY D. EDGMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edgmon v. Commissioner
Docket No. 30587-88
United States Tax Court
T.C. Memo 1990-344; 1990 Tax Ct. Memo LEXIS 371; 60 T.C.M. (CCH) 68; T.C.M. (RIA) 90344; July 9, 1990, Filed *371 Decision will be entered under Rule 155. Gary D. Edgmon, pro se. Gary L. Bloom, for the respondent. COHEN, Judge. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1983
$ 12,859.00
-
$   642.95
*
- 1984
25,460.00
$ 2,270.50
1,273.00
*
$ 314.00
1985
29,172.00
2,463.00
1,458.60
*
287.00
*373 Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years in issue. After concessions, the issues for decision are whether petitioner is entitled to overpayments representing taxes withheld in excess of his liability for each year and whether he is liable for additions to tax for negligence. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner was a resident of Oklahoma at the time he filed his petition. During the years in issue, petitioner was a maintenance supervisor for General Motors Corporation. His earnings from General Motors Corporation and his Federal income tax withheld during those years were as follows: Year
Income
Withholding
1983
$ 51,738.13
$ 13,649.08
1984
60,738.29
16,378.57
1985
67,078.79
19,321.10
Petitioner also had income *374 from other sources and was entitled to deduct various expenses on Schedule A. Petitioner did not, however, file income tax returns for 1984, 1985, or 1986 on the dates on which they were due, and he did not claim overpayments of his excess withholding prior to 1988. Prior to August 26, 1988, petitioner provided to an agent of the Internal Revenue Service copies of Forms 1040 for 1983, 1984, and 1985. Those copies showed petitioner's tax liability for each of those years to be $ 12,859, $ 14,834.36, and $ 16,478.50, respectively. Respondent has now conceded that the tax liabilities reported on the copies of Forms 1040 prepared by petitioner are correct. OPINION At the commencement of trial, respondent conceded that the deficiencies determined in the statutory notice should be reduced to the amounts reported by petitioner on the copies of Forms 1040 that he had provided to an agent of the Internal Revenue Service in 1988. Respondent contends, however, that overpayments of petitioner's excess withholding credits are precluded by the bar of limitations because the returns were not filed within 2 years of the dates on which they were due. In addition, respondent contends that *375 petitioner is liable for the additions to tax for negligence. Petitioner contends that he timely filed his tax returns for the years in issue or, alternatively, that he provided copies of each of them to the Internal Revenue Service in July 1986 in response to an inquiry from the Internal Revenue Service. In support of his latter claim, however, petitioner presented a receipt for certified mail, reflecting postage of 22 cents. That amount of postage was inadequate for an envelope containing the materials that he claims to have sent. The returns prepared by him showed overpayments of $ 790.08 for 1983, $ 1,544.21 for 1984, and $ 2,842.60 for 1985. Petitioner did not write any letters or otherwise document an attempt to recover these overpayments that apparently were due. Although his failure to file in these circumstances is puzzling, we are not persuaded by petitioner's testimony that he filed timely tax returns or that he sent copies of those tax returns to the Internal Revenue Service in 1986. Section 31(a) provides: (a) Wage Withholding for Income Tax Purposes. -- (1) In general. -- The amount withheld as tax * * * shall be allowed to the recipient of the income *376 as a credit against the tax imposed by this subtitle. (2) Year of credit. -- The amount so withheld during any calendar year shall be allowed as a credit for the taxable year beginning in such calendar year. If more than one taxable year begins in a calendar year, such amount shall be allowed as a credit for the last taxable year so beginning.
Section 6511 provides in pertinent part: (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * * (b) Limitation on Allowance of Credits and Refunds. -- * * * (2) Limit on amount of credit or refund. -- * * * (B) Limit where claim not filed within 3-year period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately *377 preceding the filing of the claim. (C) Limit if no claim filed. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed. Section 6513(b)(1) provides: (b) Prepaid Income Tax. -- For purposes of section 6511 or 6512 -- (1) Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31. Section 6512(b)(2) (now section 6512(b)(3)) provides: (2) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), * * * if on the date of the mailing of the notice of deficiency a claim had been *378 filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), * * * in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532. As a result of the foregoing provisions, petitioner's withholding credits for 1983, 1984, and 1985 are deemed payments of tax on April 15, 1984, April 15, 1985, and April 15, 1986, respectively. The petition in this case was filed on November 22, 1988, more than 2 years after the dates of the deemed payments of tax. Petitioner has not proven that he filed returns or claims for refunds prior to August 1988 when he met with an Appeals Officer for the Internal Revenue Service. Petitioner, therefore, *379 is not entitled to overpayments of the excess withholding. For the years in issue, section 6653(a)(1) provided that, if any underpayment of tax is due to negligence or intentional disregard of any rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(2) provided that there shall be added to the tax an amount equal to 50 percent of the interest due on the underpayment attributable to negligence. An underpayment for purposes of section 6653(a) is the amount by which the tax due exceeds the amount shown on a timely return. Secs. 6211(a) and 6653(c)(1). Petitioner's failure to file returns supports the additions to tax for negligence, although the amounts must be recomputed to reflect the reduced underpayments for purposes of section 6653(a). So that the required recomputation may be made, Decision will be entered under Rule 155. Footnotes
*. Amounts to be determined pursuant to sec. 6653(a)(2).↩