NORMAN P. MORIN and IRENE K. MORIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morin v. Commissioner
Docket No. 28118-87
United States Tax Court
T.C. Memo 1990-404; 1990 Tax Ct. Memo LEXIS 427; 60 T.C.M. (CCH) 377; T.C.M. (RIA) 90404; August 2, 1990, Filed An order will be issued granting respondent's motion for entry of decision and denying the motion for lack of jurisdiction and a decision will be entered accordingly. Tracey A. Williams, for the petitioners. Marilyn S. Ames, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM OPINION This matter is before us on two motions filed by respondent -- a motion for entry of decision and a motion to dismiss for lack of jurisdiction with respect to petitioners' claim for an overpayment for 1983. In a notice of deficiency dated May 22, 1987, respondent determined deficiencies in and additions to petitioners' *429 Federal income taxes as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec. 6653(a)(1)
1980
$ 83,469.54
$ 6,036.99
$ 4,173.49
--
1981
71,374.71
9,093.68
$ 3,568.74
1982
59,286.88
1,696.72
2,964.35
1983
13,753.22
1,696.72
Year
Sec. 6653(a)(2)
1980
--
1981
*
1982
*
1983
*
On May 15, 1989, the parties filed a document entitled "Basis of Settlement" relating to the issues resolved in this case. They agree that the following deficiencies are due from petitioners: Year
Amount
1980
$  2,745.04
1981
709.50
1982
14,943.27
1983
5,537.30
They also agree that petitioners are not liable for any of the additions to tax. Furthermore, they agree that overpayments in income *430 taxes were made for 1980, 1981, 1982, and 1983 and that such overpayments for 1980, 1981, and 1982 are time barred under section 6512(b)(2), now section 6512(b)(3). Their disagreement is whether the overpayment for 1983 is time barred under section 6512(b)(2). ISSUE At issue is petitioners' entitlement to an overpayment of their Federal income taxes for 1983 based on amounts they paid as estimated taxes in that year. FACTS Petitioners, husband and wife, resided in Lake Charles, Louisiana, at the time they filed their petition. Petitioners made quarterly estimated tax payments totaling $ 27,000 for 1983; the parties agree that petitioners' 1983 tax obligation is $ 5,537.30. Thus, petitioners overpaid their 1983 tax obligation by $ 21,642.70. Petitioners did not file their 1983 tax return until June 4, 1988, which was after the issuance of the notice of deficiency (May 22, 1987). They did not file a separate claim for refund of overpayment for 1983. However, in their petition filed on August 24, 1987, they claimed in paragraph 5(d) thereof their entitlement to an overpayment of $ 26,924.19 for 1983. DISCUSSION Section 6511(a) provides, in general, that a claim for *431 credit or refund of an overpayment of tax must be made by the taxpayer within three years from the time the tax return was filed or two years from the time the tax was paid, whichever period expires later. Where no tax return is filed, a refund claim must be filed within two years from the time the tax was paid. Petitioners did not file a timely Federal income tax return for 1983. However, they made estimated tax payments aggregating $ 27,000 for 1983. Thus, they are deemed to have paid their 1983 tax liability on April 15, 1984. Sec. 6513(b)(2). Section 6512(b), which grants this Court jurisdiction to determine an overpayment, limits the amount to be credited or refunded to that portion of the tax the Court determines, inter alia, to have been paid either after the mailing of the notice of deficiency or within the time periods applicable under section 6511(b)(2). Pursuant to section 6512(b)(2)(B), taxpayers are entitled to a refund or credit of taxes found by this Court to be overpaid if the taxes were paid within the limitations period specified in section 6511 and "if on the date of mailing of the notice of deficiency a claim had been filed (whether or not filed) stating *432 the grounds upon which the Tax Court finds that there is an overpayment." Thus, under section 6512(b)(2)(B), a claim for refund need not actually be filed by the taxpayer if a timely claim could have been filed at the time the notice of deficiency was mailed. . Section 6512(b)(2)(B) incorporates by reference, inter alia, the periods applicable under section 6511(b)(2). Under section 6511(b)(2)(A), if the claim is filed within three years of the date of filing the return, the amount of the credit or refund may not exceed the portion of the tax paid within such three-year period plus the period of any extensions for filing the return. Under section 6511(b)(2)(B), if the claim is not filed within three years from the date of filing the return, the amount of the credit or refund may not exceed the portion of the tax paid during the two years preceding the filing of the claim. Consequently, the two-year and three-year periods contained in section 6511(b)(2) are incorporated in section 6512(b)(2)(B). Petitioners construe sections 6511(b)(2) and 6512(b)(2)(B) to mean that any 1983 taxes they overpaid three and one *433 half years before May 22, 1987, the date the notice of deficiency was mailed, are subject to credit or refund. We disagree. In our opinion, section 6512(b)(2)(B) tests the applicable limitations period under section 6511 against a hypothetical claim for refund filed on the date the notice of deficiency was mailed. Thus, here the focus becomes the applicable look back period as measured from May 22, 1987. A refund claim made on May 22, 1987, would be timely for a return filed on or after May 22, 1984, or taxes paid on or after May 22, 1985. Petitioners did not file their Federal income tax return during the three-year period from May 22, 1984, to May 22, 1987, nor were their taxes for 1983 paid on or after May 22, 1985. (Petitioners filed their 1983 return on June 4, 1988; the taxes creating the overpayment for 1983 are deemed paid on April 15, 1984.) Consequently, they do not fall within the three-year period applicable under section 6511(b)(2)(A) and are not eligible for an overpayment of amounts paid within three years plus the period of any extensions. Petitioners' estimated tax payments also do not fall within the two-year period under section 6511(b)(2)(B). Their taxes *434 for 1983 were deemed paid on April 15, 1984, some three years and five weeks prior to May 22, 1987, the date the notice of deficiency was mailed. That date falls outside the two-year period of section 6511(b)(2)(B). ; ; . We therefore conclude that petitioners are not entitled to an overpayment of taxes for 1983. The statute of limitations bars their claim for refund of an overpayment for 1983 resulting from the payment of their estimated taxes. We note that this Court has jurisdiction by virtue of the statutory notice of deficiency and the timely petition filed herein. In this case, the fact that section 6512(b)(2)(B) in essence denies petitioners' entitlement to an overpayment does not negate our jurisdiction. In view of the foregoing, An order will be issued granting respondent's motion for entry of decision and denying the motion for lack of jurisdiction and a decision will be entered accordingly. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
*. 50 percent of the interest due on the full deficiency.↩