**UNITED STATES of America, Plaintiff,**

**v.**

**John R. SALVATORE, Defendant.**

**Civ. A. No. R–91–3361.**

United States District Court,
D. Maryland.

March 20, 1992.

Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., and James J. Wilkinson, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

John R. Salvatore, pro se.

## MEMORANDUM

RAMSEY, Senior District Judge.

The United States of America, plaintiff, has moved for summary judgment. The motion was filed on February 11, 1992, and service was accomplished by forwarding a copy to the defendant John R. Salvatore at the address given by him in the answer to the complaint filed in this case on December 24, 1991. It appears that the defendant is acting *pro se*, but is in fact an attorney since in filing his answer he identifies himself as having offices at 82 W. Washington Street in Hagerstown, Maryland, and indicates that he holds Trial Bar Number 04168 of the United States District Court for the District of Maryland.

The time for filing an answer to the motion for summary judgment expired under the Rules on the 28th day of February, 1992. No answer has been received and the Court does not deem it necessary to hold a hearing in order to decide the propriety of granting summary judgment at the request of the government.

The file reflects that the United States filed this action to recover a tax refund which had been issued to the defendant. The uncontested facts as reflected in the file are that the defendant did not file an income tax return for the year 1986 within the time set by law. The notice of deficiency for the 1986 income tax year was sent forward to the defendant on April 11, 1990. At that date no income tax return had been filed by the defendant for the calendar year 1986. A petition was filed with the Tax

Court contesting the notice of deficiency and on July 11, 1991, a decision was entered by the Tax Court determining a deficiency in income tax in the amount of $31.00. The decision of the Tax Court made no reference to any claimed overpayment of tax.

After the Tax Court's decision, the Internal Revenue Service, in error, mailed the defendant a refund check in the amount of $2,539.03. The sum was computed based on a tax of $2,168.00 and interest of $371.03. There had been income tax withheld during the calendar year 1986 in the amount of $2,199.00 from payments made to the defendant. The refund check was computed by deducting the $31.00 deficiency found by the Tax Court from the $2,199.00 withheld, for a net of $2,168.00 and added to the interest of $371.03 as herein before set forth.

This suit was brought under 26 U.S.C. § 7405, which provides in pertinent part: "Any portion of tax imposed by this Title which has been erroneously refunded ... may be recovered by a civil action brought in the name of the United States." 26 U.S.C. § 7405(b). The statute requires that such suit be begun within two years after such a refund has been made. 26 U.S.C. § 6532(b). The suit was timely filed since the refund was made on July 19, 1991, and the suit was commenced on November 26, 1991. Since the taxpayer had filed a petition with the Tax Court contesting the claimed deficiency for the year 1986, limitations on refund of taxes paid for the tax year 1986 is governed by 26 U.S.C. § 6512. That section provides, that where the taxpayer has filed a petition with the Tax Court "... no credit or refund of income tax for the same taxable year ... shall be allowed ... except—(1) As to overpayments determined by a decision of the Tax Court...." 26 U.S.C. § 6512(a).

As earlier noted, the Tax Court did not determine an overpayment, but found a deficiency. As a matter of law, therefore, the tax refund check sent forward to the defendant constituted an erroneous refund.

26 U.S.C. § 6512(b)(3) limits refunds which may be determined by the Tax Court in Subsection (A) to such portions of the tax as was paid *after* the mailing of the notice of deficiency. All taxes which the defendant paid were paid during the year 1986 through withholding and not after the mailing of the deficiency notice which was sent forward on April 11, 1990. Those taxes withheld during the year 1986 are deemed paid on the filing date of the required return in the year 1987. That is to say April 15, 1987.

26 U.S.C. § 6512(b)(3) Subsection (B) is not helpful to the defendant since Subsection (B) requires refund claims to be filed within three years of the time the return was filed or two years from the time the tax was paid. When the service mailed the notice of deficiency no return had been filed. Accordingly, the claim for refund would only be timely if filed within two years of the date the taxes were paid. That two-year term elapsed on April 15, 1989 and a refund under 26 U.S.C. § 6512(b)(3)(B) would have been untimely.

Subsection (C) of 26 U.S.C. § 6512(b)(3) requires that a claim for refund be filed before the notice of deficiency is mailed. Since the defendant did not file a claim before the mailing of the deficiency notice, no refund would be appropriate under Subsection (C).

The Tax Court analyzed the applicable statutory material in accord with the views heretofore expressed in *Liles v. Commissioner*, 58 TCM 680, Dec 46,153(M), TC MEMO 1989–613. In *Liles* the Commissioner determined a deficiency for the year 1983 in the taxpayer's accounts. During the course of the litigation, however, the Commissioner conceded that there was no tax deficiency and the Tax Court so found. During the tax year in question, withholding taxes had been credited to the account of the taxpayer in an amount in excess of any liability determined by the Tax Court since the final determination was that there was no tax due.

The sole contested issue before the Tax Court was whether the withheld amount should be treated as an overpayment and refunded to the taxpayer. The Commissioner asked a ruling by the Tax Court that

there had been no overpayment. After analyzing the applicable statute, the Tax Court found that it was without jurisdiction to categorize the withheld taxes as an overpayment since, under facts analogous to those in this case, the requirements of 26 U.S.C. § 6512(b)(3)(A), (B), (C) had no application. The reasoning of the Tax Court is in accord with the conclusion reached in this Memorandum.

The Court finds that the overpayment of tax for the year 1986 in the instant case was not properly recoverable under any provision of the statute. The check sent forward to the defendant was paid in error.

The Court will enter an Order in the form requested by the United States which will adjudge that an erroneous refund in the amount of $2,539.09 was received by the defendant and that it be repaid with interest to accrue from July 19, 1991.

### ORDER

Upon consideration of plaintiff's motion for summary judgment, and for the reasons stated therein, plaintiff's motion for summary judgment is GRANTED. It is therefore

ORDERED, ADJUDGED, and DECREED that defendant John R. Salvatore received an erroneous refund in the amount of $2,539.09 and is therefore ordered to pay the United States $2,539.09 plus interest. Interest shall accrue from July 19, 1991, the date of the erroneous refund, in accordance with 26 U.S.C. § 6602.

IT IS FURTHER ORDERED that the Clerk shall mail copies of the Court's Memorandum and this Order to all counsel and to the defendant.

SO ORDERED.