**Richard J. GALUSKA, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 92–3591.

United States Court of Appeals, Seventh Circuit.

Argued May 4, 1993.

Decided Sept. 9, 1993.

Rehearing and Suggestion for Rehearing In Banc Denied Nov. 10, 1993.

David M. Kirsch (argued), San Jose, CA, for petitioner-appellant.

Richard Farber, Gary R. Allen, Regina S. Moriarty (argued), Dept. of Justice, Tax Div., Appellate Section, Washington, DC, for respondent-appellee.

Before CUMMINGS and RIPPLE, Circuit Judges, and WILLIAMS, Senior District Judge.*

CUMMINGS, Circuit Judge.

In June 1992 taxpayer Richard J. Galuska filed a petition in the Tax Court seeking a refund for overpayment of income tax for 1986. The court held that no refund was allowable, resulting in this appeal. We affirm.

**Facts**

On April 15, 1987, Galuska filed an application for extension of time to file his income tax return for 1986 until August 15, 1987. At the same time, he made a payment of $20,000, and $3,531 was withheld from his wages during 1986. Four months later he filed an application for an additional extension of time, resulting in an extension to October 15, 1987. However, Galuska did not file his 1986 tax return by that date either. On April 12, 1990, the Internal Revenue Service mailed a notice of deficiency to him for the taxable year 1986. On September 19, 1991, he finally mailed his 1986 tax return. In accordance with the parties' stipulation, the Tax Court found that Galuska's correct tax liability for 1986 was only $1,448 and that therefore he

---

* The Honorable Spencer M. Williams, Senior District Judge for the Northern District of California, is sitting by designation.

overpaid his 1986 taxes by $22,083. However, the court held that a refund was not allowable. The pertinent provisions of the Internal Revenue Code are contained in the Appendix to this opinion.

**Discussion**

Section 6512(b)(1) of the Internal Revenue Code grants jurisdiction to the Tax Court to determine overpayments and order refunds. However, in pertinent part Section 6511 provides that a claim for refund of overpayment must be filed within two years from the time the tax was paid. As the Tax Court noted, under Section 6512(b)(3)(B) in the absence of the filing of a refund claim (as here), it will be deemed filed on the date the notice of deficiency was mailed, here April 12, 1990. Since Galuska made no tax payments during the 2–year period preceding that date, he was barred by Section 6511(b)(2)(B) from obtaining any portion of his 1987 overpayment.

The parties are not in dispute about much of the statutory scheme. Galuska agrees that under Section 6512(b)(3)(B) he is deemed to have filed a claim for refund of the alleged overpayment on April 12, 1990, when the Commissioner mailed him the notice of deficiency. He also agrees that the $3,531 withheld from his wages and his $20,000 estimated tax payment concerning the taxable year 1986 were to be considered paid on April 15, 1987, under Section 6513(b)(1). The parties are also in accord that under Section 6512(b)(3) [1] the Tax Court is empowered to allow a taxpayer a refund of his overpayment of tax subject to the limitation of Section 6511(b)(2).

The disagreement between the parties is whether the applicable look-back period is the 2–year period in Section 6511(b)(2)(B) or,

as Galuska asserts, the 3–year period described in Section 6511(b)(2)(A). The resolution of this dispute depends upon considering both Sections 6511(a) and 6511(b)(2). Under the former section the limitation period for filing a refund claim expires three years after the return of the taxpayer was filed or two years after the tax is paid, whichever is the later. Where, as here, no return is filed, the claim for refund must be filed within two years of the date the tax is paid.

On the other hand, Section 6511(b)(2) limits the amount of an otherwise refundable claim whether the claim was filed within a 3–year period or not. If the claim was filed within a 3–year period the amount of refund is limited to the amount of tax paid during the 3–year period immediately preceding the filing of the claim. If the claim was filed within the 2–year period, then the amount of refund is limited to the amount of tax paid during the 2–year period immediately preceding the filing of the claim.

Here, by virtue of Section 6512(b)(3)(B), Galuska is deemed to have filed his claim for refund on April 12, 1990, which was the date the notice of deficiency was mailed to him. At that time he had filed no tax return for 1986. Consequently, his deemed claim for refund was not filed within the 3–year period prescribed by Section 6511(a) because it states that if no return is filed, the 2–year period prescribed therein is applicable. Therefore the look-back period is the 2–year period prescribed by Section 6511(b)(2)(B). Galuska paid no portion of the tax within that period so that Section 6512(b)(3)(B) precludes any refund of his overpayment, as the Tax Court held. At least twelve other Tax Court decisions are in accord,[2] and we discovered no case that is *contra.*

---

1. In view of Section 6512(b)(3), a taxpayer who asks the Tax Court for a refund of an overpayment is treated the same as if he had brought a refund suit in the district court, so that there is no advantage in choosing one forum over the other.

2. *Allen v. Commissioner,* 99 T.C. No. 23, 1992 WL 252851 (Oct. 6, 1992); *Berry v. Commissioner,* 97 T.C. 339, 1991 WL 181772 (1991); *White v. Commissioner,* 72 T.C. 1126, 1132–1133, 1979 WL 3852 (1979); *Braman v. Commissioner,* 64 T.C.M. (CCH) 1195, 1992 WL 314025 (1992);

*Sullivan v. Commissioner,* 62 T.C.M. (CCH) 903, 1991 WL 191583 (1991); *Edgmon v. Commissioner,* 60 T.C.M. (CCH) 68, 1990 WL 92789 (1990); *Morin v. Commissioner,* 60 T.C.M. (CCH) 377, 1990 WL 108326 (1990); *Hall v. Commissioner,* 58 T.C.M. (CCH) 879, 1989 WL 148344 (1989); *Stokes v. Commissioner,* 58 T.C.M. (CCH) 974, 1989 WL 153011 (1989); *Liles v. Commissioner,* 58 T.C.M. (CCH) 680, 1989 WL 135404 (1989); *Lynn v. Commissioner,* 55 T.C.M. (CCH) 1728, 1988 WL 88481 (1988); *Crady v. Commissioner,* 53 T.C.M. (CCH) 971, 1987 WL 40332

Galuska relies on *Curry v. United States,* 774 F.2d 852 (7th Cir.1985). There the taxpayer had filed his return when he filed his claim for refund, so that the claim was filed within the 3–year period in Section 6511(a). Consequently, the look-back period was the 3–year period provided in Section 6511(b)(2)(A). In contrast, under Section 6512(b)(3)(B) at the time Galuska was deemed to have filed his claim for refund, *viz.,* April 12, 1990, he had not filed his return for 1986, the year in question. Therefore the 2–year period prescribed in Section 6511(a) is applicable, so that the look-back period is the 2–year period provided in Section 6511(b)(2)(B). In these circumstances, *Curry* is inapplicable. *Domtar Newsprint Sales Limited v. United States,* 435 F.2d 563, 193 Ct.Cl. 505 (1970), is also inapplicable because Section 6512 is limited to Tax Court proceedings.

Galuska could have filed a return on April 12, 1990 that would have served as a proper claim for refund, but unfortunately he filed no return until September 19, 1991. When the Tax Court determines whether an overpayment is refundable under Section 6512(b)(3)(B), the Internal Revenue Code does not empower the Tax Court to treat a taxpayer like Galuska who has not filed a return as of the date the deficiency notice was mailed as if he had filed a return by that date. If Galuska had not waited until 1991 to file his 1986 return, he would have been able to obtain a refund of the overpayment of tax for 1986. See *Allen v. Commissioner,* 99 T.C. No. 23, 1992 WL 252851 (Oct. 6, 1992).

Although Galuska maintains that he would have obtained a refund if he had brought this suit in the district court, that is not correct. As noted, he did not file his return reporting an overpayment and claiming a refund until September 19, 1991, and could not prevail in the district court because he would be barred under Section 6511(b)(2)(A) from recovering any refund of his overpayment in that no portion of the tax was paid within the 3–year period immediately preceding the September 19, 1991 filing date. While Galuska requests an award of attorney's fees and costs under Section 7430, his request is meritless because

(1987); see also *United States v. Salvatore,* 792

he is not a prevailing party under Section 7430(c)(4).

AFFIRMED.

## *APPENDIX*

### § 6511. Limitations on credit or refund

**(a) Period of limitation on filing claim.**—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

**(b) Limitation on allowance of credits and refunds.—**

**(1) Filing of claim within prescribed period.**—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

**(2) Limit on amount of credit or refund.—**

**(A) Limit where claim filed within 3–year period.**—If the claim was filed by the taxpayer during the 3–year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

F.Supp. 34 (D.Md.1992).

198

**(B) Limit where claim not filed within 3–year period.**—If the claim was not filed within such 3–year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

**(C) Limit if no claim filed.**—If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

\*   \*   \*   \*   \*   \*

**§ 6512. Limitations in case of petition to Tax Court**

\*   \*   \*

**(b) Overpayment determined by Tax Court.—**

\*   \*   \*

**(3) Limit on amount of credit or refund.** No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—

\*   \*   \*

**(B)** within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or