T.C. Memo. 1998-230

UNITED STATES TAX COURT

JOSE TORRES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15735-97.                    Filed June 29, 1998.

Jose Torres, pro se.

<u>Susan Kuhn</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $1,280, an addition to tax

_____

[1]    Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

under section 6651(a)(1) in the amount of $162, and an accuracy-related penalty under section 6662(a) in the amount of $256. Petitioner resided in Hollywood, Florida, at the time he filed his petition.

After concessions, the remaining issues are: (1) Whether petitioner is liable for the addition to tax under section 6651(a)(1); and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

The facts may be summarized as follows. Petitioner is an insurance agent. Petitioner filed two Schedules C with his 1994 return, only one of which was questioned by respondent in the notice of deficiency. On the Schedule C in issue, petitioner classified himself as a statutory employee and reported a net loss of $8,543.

In the notice of deficiency, respondent disallowed the loss claimed on the Schedule C for lack of substantiation. The disallowed expenses related to deductions claimed for office expenses, "dues and subscriptions", and automobile expenses.[2]

Petitioner's 1994 return was originally due on April 17, 1995.[3] Sec. 6072(a). Petitioner applied for and received an

---

[2]    The parties stipulated that petitioner is entitled to $6,007 of the $8,543 in expenses claimed on the Schedule C, thereby resolving the substantiation issue raised in the notice of deficiency.

[3]    Because April 15, 1995, fell on a Saturday, a return filed on the following Monday is deemed timely under sec. 7503.

automatic extension of time to file his return which extended the time to file until August 15, 1995. Sec. 6081; sec. 1.6081-4(a)(1), Income Tax Regs. Petitioner filed his 1994 return on October 19, 1995. Included with the return was a copy of Form 2688, Application for Additional Extension of Time to File U.S. Individual Income Tax Return,[4] in which petitioner requested an additional extension of time until October 16, 1995,[5] to file his return. The application simply states that the reason for the additional extension was due to the "tax practitioner's workload". Petitioner's accountant testified that he sent the Form 2688 to respondent's Atlanta service center, but never received a response granting the request. There is nothing in the record to show that a timely Form 2688 was ever received by respondent.

Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax of 5 percent of the amount of tax due per month for each month that a return is not timely filed, not to exceed 25 percent. An exception is made for reasonable cause not due to willful neglect. Sec.

---

[4] Sec. 1.6081-1(a), Income Tax Regs., authorizes district directors and directors of service centers to grant reasonable extensions of time for filing returns required by Subtitle A or the regulations promulgated thereunder. An application made pursuant to sec. 1.6081-1(a), Income Tax Regs., may be made by an individual on either a Form 2688 or by a letter. Sec. 1.6081-1(b)(5), Income Tax Regs.

[5] October 15, 1995, fell on a Sunday.

6651(a)(1).  Reasonable cause "calls on the taxpayer to demonstrate that he exercised 'ordinary business care and prudence' but nevertheless was 'unable to file the return within the prescribed time.'"  United States v. Boyle, 469 U.S. 241, 246 (1985) (quoting sec. 301.6651-1(c)(1), Proced. & Admin. Regs.).  Willful neglect means "a conscious, intentional failure or reckless indifference."  United States v. Boyle, supra at 246.  Reliance on an agent does not excuse the failure to file a timely return.  Id. at 249-250; Bergersen v. Commissioner, T.C. Memo. 1995-424, affd. 109 F.3d 56 (1st Cir. 1997).

Petitioner argues that the addition to tax is improper because he applied for an additional extension of time in which to file his return.  Alternatively, petitioner argues that only a 5-percent penalty should apply because the failure to file was for less than 1 month; viz, the period from October 16 until receipt of the return on October 19.

Even assuming that petitioner's accountant timely submitted the Form 2688, an additional extension authorized under section 1.6081-1(a), Income Tax Regs., is not automatic.  It should also be noted that the instructions accompanying Form 2688 specifically advise taxpayers that a request for an additional extension of time to file a return must show reasonable cause for the additional delay in filing a return and should be filed early so that "if denied, you can still file your return on time."  See

Galuska v. Commissioner, 98 T.C. 661, 669-670 (1992), affd. 5 F.3d 195 (7th Cir. 1993).

There is no evidence that petitioner's application for an additional extension of time to file his return was ever approved. Furthermore, the phrase "tax practitioner's workload" standing alone on the application does not show reasonable cause for the additional delay. Thus, petitioner's return was due to be filed by August 15, 1995, and the addition to tax is calculated from that date. We sustain the addition to tax under section 6651(a)(1).

Section 6662(a)

Section 6662(a) imposes a penalty of 20 percent on any portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence in this context includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

The accuracy-related penalty does not apply if petitioner demonstrates that there was reasonable cause for the underpayment and that he acted in good faith with respect thereto. Sec. 6664(c). Whether a taxpayer acted with reasonable cause and in good faith depends upon the pertinent facts and circumstances. McCallson v. Commissioner, T.C. Memo. 1993-528; sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the

taxpayer's effort to assess his proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.

Taxpayers are required to keep records sufficient to establish the amount of deductions or other matters required to be shown on their returns. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Failure to maintain adequate records may constitute negligence. Schroeder v. Commissioner, 40 T.C. 30, 34 (1963).

Generally the duty of filing an accurate return cannot be avoided by placing responsibility upon a third party. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987); Fortner v. Commissioner, T.C. Memo. 1993-195. Reliance on the advice of a qualified adviser may demonstrate reasonable cause and good faith; however, the evidence must show that the taxpayer contacted a competent tax adviser and provided the adviser with all the necessary and relevant information. See Jackson v. Commissioner, 86 T.C. 492, 539-540 (1986), affd. 864 F.2d 1521 (10th Cir. 1989); sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner's reliance on Robinson v. Commissioner, 51 T.C. 520 (1968), affd. in part and vacated in part per curiam 422 F.2d 873 (9th Cir. 1970), and other similar cases is misplaced. In Robinson, this Court sustained respondent's disallowance of various expenses for failure to comply with section 274 and the accompanying regulations but, nonetheless, held that the taxpayer was not liable for the addition to tax for negligence under

section 6653(a), the predecessor to section 6662(a).  The Court,
however, emphasized the extensive and detailed business records
maintained by the taxpayer.  Robinson v. Commissioner, supra at
542.  In contrast, petitioner in the instant case produced no
records to support the deductions claimed on his Schedule C for
office expenses and dues and subscriptions.  Furthermore, with
regard to the claimed automobile expense, petitioner's concept of
what constitutes adequate record keeping is at odds with the
substantiation requirements of section 274 and the regulations
thereunder.[6]

　　We conclude that petitioner failed to keep adequate records,
and in turn was unable to provide his accountant with all the
necessary and relevant information.  Therefore, we sustain
respondent's determination of the accuracy-related penalty under

---

[6]　　The records petitioner provided to his accountant in support
of the automobile expense fall far short of the requirements of
the Code and regulations.  A passenger automobile is defined as
"listed property" under sec. 280F(d)(4)(A)(i), and thus is
subject to the substantiation requirements of sec. 274(d).  Among
the elements required to be substantiated are the amount of
business use and the amount of total use of the automobile for
the taxable period, based upon mileage.  Bradley v. Commissioner,
T.C. Memo. 1998-170; sec. 1.274-5T(b)(6)(i)(B), Temporary Income
Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  The record
reflects that the total mileage figure for 1994 was based upon
odometer readings noted on repair receipts from May and June
1993, a different year from that in issue here; from these
readings, petitioner's accountant extrapolated an estimated
annual mileage figure for the automobile for 1994.  Moreover,
petitioner's business use of the automobile was estimated from a
log covering only 1 month in 1994, rather than the full year.

section 6662(a) with regard to the amounts not substantiated by petitioner.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>