DAVID A. SULLIVAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sullivan v. Commissioner
Docket No. 26618-88
United States Tax Court
T.C. Memo 1991-492; 1991 Tax Ct. Memo LEXIS 541; 62 T.C.M. (CCH) 903; T.C.M. (RIA) 91492; September 30, 1991, Filed *541 Decision will be entered for the respondent. Patrick J. Murphy, for the petitioner. Drita Tonuzi, for the respondent. GERBER, Judge. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent, by means of a statutory notice, determined a deficiency of $ 26,547 in petitioner's 1983 Federal income tax and additions to tax of $ 1,327.35 under section 6653(a)(1), [1] $ 1,397.50 under section 6651(a)(1), 50 percent of the interest due on the deficiency under section 6653(a)(2),and $ 6,636.75 under section 6661. After concessions by the parties, the issues remaining for consideration are: (1) Whether petitioner is liable for the addition to tax for an underpayment due to negligence, under section 6653(a); and (2) whether petitioner is entitled to an overpayment of his 1983 taxes. FINDINGS OF FACT The parties have stipulated certain facts and exhibits that are incorporated by *542 this reference. Petitioner resided in Vermont when the petition in this case was filed. During 1983, petitioner owned a condominium unit (Smuggler's Notch) in Vermont, as well as a home (the Windsong property) in Dallas, Texas. He was employed that year by International Business Machines Corporation (IBM) and received a salary of $ 74,851, $ 20,957 of which was withheld as Federal income tax. Petitioner incurred expenses during 1983 that included the following: $ 13,319.92
Windsong home mortgage interest
1,720.71
Windsong State/local property tax
133.00
Contribution to Special Olympics
1,847.19
Smuggler's Notch local property tax
8,978.88
Smuggler's Notch principal/interest
After considering expenses agreed to by both parties, petitioner's 1983 Federal income tax liability was no greater than the amount withheld during that year by his employer. Respondent's 1988 notice to petitioner determined a deficiency for the full Federal income tax liability on petitioner's 1983 salary from IBM. The notice was sent when respondent determined that petitioner had not filed a Federal income tax return for 1983. Petitioner argues that he filed, searched for, and did not locate *543 a copy of the 1983 return. After the petition was filed, petitioner's counsel retained an accountant (Mr. Sonessa) who prepared a return from records kept by petitioner from 1983. At the same time, Mr. Sonessa prepared petitioner's 1984, 1985, and 1986 Federal income tax returns. Petitioner had failed to file returns for the 1984, 1985, and 1986 taxable years, but he contends that those returns, as well as a return for 1983, were filed by Mr. Sonessa in 1988. OPINION Timely Filing of 1983 Income Tax Return
All remaining issues are dependent upon our deciding whether petitioner timely filed his 1983 Federal income tax return. Accordingly, we address that issue first. Respondent's July 1988 deficiency notice contains the determination that petitioner failed to file a 1983 return. The burden of proof is on petitioner to show that he filed. Rule 142(a); . Petitioner offered no direct recollection or evidence of filing his 1983 return. In support of his claim that he did file the 1983 return, petitioner offered his own testimony concerning his practice of preparing and filing his own returns in years prior to 1983. Petitioner *544 argues on brief that he is unable to produce his original 1983 return because of the frequent relocation demanded by his work. He theorizes that respondent's inability to discover the original 1983 return is due to respondent's failure to search the appropriate Internal Revenue Service Center. The latter theory can only serve petitioner once he has made out a prima facie case for a timely filing. This he has not done. Petitioner's offer of proof falls short of satisfying his burden. See . Petitioner offered no details corroborating the mailing, receipt, or existence of his 1983 return. Petitioner's claim that his accountant filed for him in 1988 cannot aid petitioner since he admits that such filing was done after the due date and after he petitioned this Court. Moreover, other than petitioner's uncorroborated belief he made no attempt to prove the filing. Accordingly, we find that petitioner failed to file a return for 1983. Addition to Tax Under Section 6653(a)
We next address whether petitioner is liable for the addition to tax under section 6653(a). Initially, we must determine whether an underpayment exists with respect *545 to petitioner's 1983 tax. Petitioner again has the burden of proof on this issue. . He argues that there can be no underpayment under section 6653(a) because respondent has conceded that there was tax withheld in an amount greater than or equal to his total 1983 tax liability. Thus, according to petitioner, there exists no underpayment upon which to determine a deficiency. In support of his argument, petitioner cites authority that there must be a statutory underpayment, i.e., a deficiency, as defined in section 6211, for the section 6653(a) addition to be applicable. The cases referenced by petitioner, however, deal exclusively with instances where taxpayers filed timely returns. See ; (dealing with the fraud addition under section 6653(b)). The alleged underpayments in the cases petitioner cites were caused by deductions respondent determined to be unwarranted. Petitioner's situation is different. As respondent correctly argues, any underpayment in this case stems not from petitioner's deduction of unwarranted deductions, *546 but from his failure to file a return. An underpayment is necessarily caused by such a failure. Sec. 301.6211-1(a), Proced. & Admin. Regs. In , affd. , we held that "By definition, an 'underpayment' is caused by the fact that a return is untimely filed or not filed at all." Section 6653(c)(1) defines "underpayment" as a "deficiency," determined under section 6211, except that for purposes of calculating the amount reached under section 6211, amounts shown on untimely returns are disregarded. The section 6211 calculation generally begins with the total amount a taxpayer owes in tax. Amounts shown on a taxpayer's timely return are then subtracted in order to reach the number defined as a deficiency, or in this case, as an underpayment. Sec. 6211(a). Taxpayers also receive a credit for certain "rebates" in this formula. Sec. 6211(a)(2). Contrary to petitioner's arguments, however, the credit is not applicable in this case. See sec. 301.6211-1(f), Proced. & Admin. Regs. Nor does section 6211 permit a credit for taxes withheld under section 31. Sec. 6211(b)(1). See , where it was held that amounts withheld under section 31 do not reduce the amount of tax imposed for purposes of section 6211. Because petitioner here filed no return, he is not entitled to any amount with which to offset his total tax liability for purposes of the above calculation. Sec. 6653(c); sec. 301.6211-1(a), Proced. & Admin. Regs; ; . Petitioner's underpayment is, therefore, the full amount of his 1983 tax liability. . The rationale underlying our holding, the case law, and the statute is that a prepayment credit cannot become a payment of petitioner's tax liability until he consents to assessment, or a liability is otherwise determined. In this same view, prepayment credits are not considered for purposes of computing a deficiency for section 6211. The filing of a proper return is treated as a consent to assessment of the tax and would obviate the need for the deficiency procedures under sections 6211 through 6215 before respondent is able to collect the tax. [2] In failing to file a return, petitioner *548 clearly failed to admit and consent to his tax liability. In order for petitioner to be held liable for the addition to tax under section 6653(a), the underpayment determined above must be "due to negligence or intentional disregard of rules or regulations." Sec. 6653(a). Respondent contends that the underpayment, stemming as it does from petitioner's failure to file a return for 1983, is indeed due to negligence. The burden is on petitioner to prove that his failure was the action of a reasonable, "ordinarily prudent" person. ; . This Court has held that failure to timely file *549 a return constitutes negligence for purposes of section 6653(a) unless the taxpayer shows the failure was reasonable. . Petitioner failed to present any evidence in explanation of his failure to file. Instead, he argued that there was no underpayment because of prepayment credits. Therefore, under Emmons, petitioner has failed to carry his burden of proof and we must sustain respondent's determination of negligence and his calculation of the 5-percent addition to tax under section 6653(a). Claim for Overpayment
Finally, we address petitioner's claim that he is entitled to an overpayment of tax in 1983. Petitioner contends that the Smuggler's Notch condominium was held for the production of income and that he should be allowed to deduct from his 1983 income amounts for depreciation, rental, interest, and taxes. The parties have agreed that if these amounts are allowed, petitioner has overpaid his taxes for 1983 unless his overpayment is barred due to the passage of time. To that effect, respondent argues both that Smuggler's Notch was not held for the production of income and that petitioner is not entitled under section *550 6512 to an overpayment. We address whether petitioner is entitled to an overpayment under section 6512. Section 6512(b) gives the Tax Court jurisdiction to determine an overpayment. This section as pertinent to this case provides that a taxpayer's situation may be analyzed as if he or she filed a claim for overpayment on the date a notice of deficiency was mailed. Sec. 6512(b)(3)(B). Such section incorporates by reference the periods applicable under section 6511(b)(2), (c), or (d). Thus this Court must determine that, given this hypothetical filing date, petitioner made his overpayment within the period prescribed by section 6511(b)(2), (c), or (d). For purposes of this analysis, petitioner is deemed to have filed a claim for overpayment on July 11, 1988, the date the notice of deficiency was mailed. Sec. 6512(b)(3)(B). Because petitioner's payment is deemed to have been made on April 15, 1984, sec. 6513(b)(1), there is a span of over 4 years between his payment and his statutorily conceived claim date. See sec. 6513. As directed by section 6512(b), we compare this time span with the periods set out in section 6511. This comparison places petitioner under section 6511(b)(2)(B), *551 which applies to claims filed after 3 years from the date of payment. Under this section, petitioner is limited to an amount that "shall not exceed the portion of the * * * [overpayment made] during the 2 years immediately preceding the filing of the claim." Sec. 6511(b)(2)(B). As respondent correctly notes, since petitioner paid no portion of the amount overpaid during the period specified -- in this case from July 11, 1986 to July 11, 1988 -- his overpayment amount under this analysis is reduced to zero. Sec. 6511(b)(2)(B). Petitioner's claim of an overpayment is therefore barred by the provisions of section 6512(b). Accordingly, we need not decide whether the Smuggler's Notch property was held for the production of income. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year at issue.↩
2. See discussion in M. Saltzman, IRS Practice and Procedure, par. 10.02, p. 10-8 (2d ed. 1991). Early on, a deficiency was considered properly determined where a taxpayer did not admit to his tax liability -- even where the correct amounts were shown on his return. .↩