This tax refund case comes before the court on defendant’s motion for summary judgment. The decisive issue is *606 whether plaintiffs claim is time-barred. We hold that the governing tax statutes create an insurmountable barrier to the recovery of any monies in this case.
In April and July 1979, plaintiff belatedly filed individual income tax returns for the 1973 and 1974 calendar years. See I.R.C. §§6072(a), 6012(aXlXA), 6081. During the years in question, plaintiffs wages had been subject to withholding by his employer. See I.R.C. §§31, 3402. The amount withheld exceeded by approximately $2,700 the total tax liability reflected on plaintiffs returns. On July 31, 1979, IRS disallowed as untimely plaintiffs requests for refund as indicated on his returns. On August 25, 1979, plaintiff formally filed claims for refund with the Secretary, see I.R.C. §7422(a), in response to which statutory notices of disallowance were mailed on January 9, 1980. Plaintiff then brought suit in this court on March 19,1980.
Section 6511(a) of the 1954 Code provides that tax refund claims shall be "filed . . . within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later”. See Fletcher v. United States, ante at 560. However, pursuant to I.R.C. §6511(bX2)(A), refunds arising from claims filed within the foregoing three-year period are limited to that "portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return”. No valid extension was ever obtained in this case. See I.R.C. §6081; 26 C.F.R. §1.6081-1 (1980).
Under I.R.C. §6513(bXl), for purposes of I.R.C. §6511, "Any [income] tax actually deducted and withheld at the source . . . shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31”. Consequently, plaintiffs withheld income taxes for the 1973 taxable year are deemed to have been paid on April 15, 1974. Likewise, his withheld income taxes for the 1974 taxable year are deemed to have been paid on April 15, 1975. Since plaintiff did not file claims for either year until August 25, 1979, it follows that no portion of the tax *607 was "paid” during the period defined by §6511(b)(2)(A) as the period limiting the amount of tax refundable.
Nothing, in short, is recoverable. See Craiglow v. United States, 212 Ct.Cl. 542 (1976). Plaintiff herein has failed to satisfy the applicable statute of limitations by a wide margin.
The rule we are applying is unquestionably hardedged. The following considerations, however, perfectly respond to this objection:
Statutes of limitations do not exist simply to force plaintiffs to hurry. They are designed to allow aggrieved persons a reasonable amount of time in which to invoke the legal process for the redress of the harm which has befallen them. A chief reason that any limit at all is imposed is that potential defendants ought not to be required to live out their days in fear that an old cause of action will suddenly descend upon them. Repose, after a fair period, is manifestly just. In the case of the federal revenue system, this principle acquires a different cast. The assessment and collection of federal taxes is itself an undertaking of enormous expense. Orderly and efficient operation of the taxing mechanism requires a time after which the goverment can put a file to rest. Taxpayers themselves benefit from similar limitations.
Old Nat’l Bank in Evansville v. United States, 42 A.F.T.R. 2d 78-6521, 78-6522 (S.D.Ind. 1978).
All responsive arguments raised by plaintiff, although not directly addressed by this order, have been considered and found to be without merit.
Accordingly, after consideration of the submissions of the parties, without oral argument of counsel, defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.
Plaintiffs motion for reconsideration was denied April 17,1981.