This is a pro se action to recover income taxes in the amount of more than $2,200, plus statutory interest, for 1976. Defendant moves for summary judgment on the ground that taxpayers are entitled under the refund statute to recover nothing. Plaintiffs have not responded to the Government’s motion, and their time to do so has long expired.
Defendant is correct, and we are barred from allowing any recovery. Section 6511(b)(2)(A) of the Internal Revenue Code provides that, at best for taxpayers, any credit or refund shall not exceed the amount of the tax (for which refund or credit is paid) paid within the three years preceding the filing of the claim. In this case, plaintiffs did not file their tax return for 1976-their return constitutes their claim for refund for that year-until May 14, 1980. Because the tax claimed had been deducted and withheld, *795 section 6513(b)(1) requires that it be deemed to have been paid on April 15, 1977. This is more than three years prior to the filing of the refund claim. There was no tax for 1976 paid within the required three years.
Under the statute, which is explicit and unqualified, plaintiffs can recover nothing, even though there may have been a personal excuse for their delay. Carroll v. United States, 224 Ct. Cl. 682 (1980); York v. United States, 211 Ct. Cl. 356 (1976).
Without oral argument, defendant’s motion for summary judgment is granted and the petition is dismissed.