Robert B. GRAHAM, Jr., et ux, Plaintiffs,

v.

INTERNAL REVENUE SERVICE, Defendant.

Civ. A. No. 83–30.

District Court of United States, W.D. Pennsylvania.

Oct. 30, 1984.

Rev. Robert B. Graham, Jr., Patricia A. Graham, pro se.

Thomas A. Daley, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

DIAMOND, District Judge.

Presently before this court is defendant's motion for summary judgment based upon the plaintiffs' alleged improper filing of claims for refund and for abatement of interest and penalties on the plaintiffs' federal income taxes. For the reasons set forth below, the motion will be granted.

The *pro se* plaintiffs in this case seek a refund for overpayments of their federal income taxes for 1972 and 1973. The plaintiffs also request the abatement of interest and penalties for taxable years 1974, 1975 and 1980.

*Claim For Refund*

The plaintiffs filed their 1972, 1973, 1974 and 1975 federal income tax returns on September 29, 1980. In 1972 and 1973, the plaintiffs' tax payments consisted of taxes withheld from plaintiff Robert Graham's pay. Plaintiffs now seek a refund of $408.97 for 1972 and $1,200.65 for 1973 on the theory that the withheld taxes in those years exceeded their tax liability.

In 1981, the Internal Revenue Service denied the plaintiffs' claim for refunds for taxable years 1972 and 1973. It alleged that the law does not provide for refunding or crediting tax that was paid more than three years before the filing of the claim.

Pursuant to 26 U.S.C. § 6511(a), any claim for credit or refund of an overpayment of any tax must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever of such expires later. Furthermore, 26 U.S.C. § 6511(b)(1) provides that no claim for credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) unless a claim for credit or refund is filed by the taxpayer within such period. Finally, 26 U.S.C. § 6511(b)(2) limits those claims for refunds to those taxes paid within three years before the claim is filed. Section 6511(b)(2) provides in pertinent part:

> If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the returns.

The consequence of the above provisions is to prohibit any refund of taxes that were paid more than three years before the claim was filed. *McLeod II v. United States*, 82–1 U.S.T.C., para. 9177 (Ct.Cl.1982). In the instant case, the amount of credit or refund which can be made is limited to taxes paid after September 29, 1977, because as indicated above, the plaintiffs did not file their federal income tax returns for 1972 and 1973 until September 29, 1980. In addition, pursuant to 26 U.S.C. § 6513(b), the taxes withheld in 1972 and 1973 are deemed to have been paid on April 15, 1973, and 1974, respectively. Consequently, because no amounts were paid during the limitation period, the allowable credit or refund is zero. *Craiglow v. United States*, 76–2 U.S.T.C., para. 9779 (Ct.Cl.1976).

The plaintiffs, however, claim entitlement to the refund despite their late filing based on an alleged representation by Internal Revenue Service personnel that they should postpone filing any tax returns until they were able to file all years due at one time. In *McLeod II, supra,* the court refused to extend the time for filing a claim

for refund based on the plaintiffs' similar claim that they had been misled by Internal Revenue Service representatives' statements. The court enunciated its reasoning:

> The plaintiffs may be contending that those statements by Service representatives constituted an extension of time for filing the return. The Treasury regulation, promulgated pursuant to the code provision permitting such extensions, I.R.C. § 6081, however, requires that an application for extension must be filed "in writing" with the Internal Revenue Service officer with whom the filing is to be made and on or before the due date of such filing. Treas.Reg. § 1.6081–1(b)(1).

*McLeod II*, 82–1 U.S.T.C. at para. 9177.

■ The plaintiffs in the instant case have not satisfied the above-mentioned provisions. Therefore, they are precluded from alleging that the statements by the Internal Revenue Service personnel constituted an extension of time for filing a claim. In addition, as the court stated in *McLeod II*, "such extensions of time normally are granted to a fixed date and do not permit the open-ended extension the plaintiff's claim would involve." *McLeod II*, 82–1 U.S.T.C. at para. 9177.

*Claim For Abatement*

The plaintiffs also seek abatement of interest and penalties for taxable years 1974, 1975 and 1980 based on hardship due to lost records and illness within the plaintiffs' family.

The Internal Revenue Service has moved for summary judgment on the ground that pursuant to 26 U.S.C. § 6404(b), a taxpayer is not permitted to file a claim for an abatement with respect to income taxes. Furthermore, the Internal Revenue Service asserts that the plaintiffs are not entitled to maintain this suit even as one for a refund under 26 U.S.C. § 7422 as no claims for refund have been filed. We agree.

■ Title 26 U.S.C. § 6404 provides in pertinent part:

§ 6404. Abatements

(a) General Rule.—The Secretary or his delegate is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which—

(1) is excessive in amount, or

(2) is assessed after expiration of the period of limitation properly applicable thereto, or

(3) is erroneously or illegally assessed.

(b) No claim for abatement of income, estate, and gift taxes.—No claim for abatement shall be filed by a taxpayer in respect of an assessment of any tax imposed under subtitle A or B.

Under the above provision, it is clear to the court that the Internal Revenue Service cannot be compelled to abate any income tax assessments. Therefore, the plaintiffs are unable to make a claim for abatement of assessments and are thus not entitled to an abatement of interest and penalties for taxable years 1974, 1975 and 1980.

■ Finally, the plaintiffs having paid the total amount of tax, penalties and interest for taxable years 1974, 1975 and 1980, we find that the plaintiffs are also unable to maintain this suit, even as one for a refund, as no claim for refund has been filed pursuant to 26 U.S.C. § 7422.

From the foregoing, it appears that there is no genuine issue of material fact and that the defendant is entitled to summary judgment under Rule 56, Fed.R.Civ.P., as a matter of law.

An appropriate order will follow.