**James Michael DIXON,**

v.

**The UNITED STATES.**

**No. 345–84T.**

United States Claims Court.

Feb. 4, 1985.

John A. Stewart, Jr., New Orleans, La., for plaintiff.

David Gustafson, Washington, D.C., with whom was Glenn L. Archer, Jr., Asst. Atty. Gen., Theodore D. Peyser, and Robert S. Watkins, Washington, D.C., for defendant.

---

## OPINION

WOOD, Judge.

In this action, plaintiff sues to recover an alleged overpayment of federal income taxes for the year 1979 of $2,452, plus interest, attorney fees, and costs.

Defendant has moved to dismiss the complaint pursuant to RUSCC 12(b) on the ground that plaintiff has failed to state a claim upon which relief can be granted. It asserts that plaintiff seeks, but is barred by section 6511(b)(2)(A) of the Internal Revenue Code of 1954, as amended, 26 U.S.C. § 6511(b)(2)(A) (1982) from recovering, a refund of federal income taxes paid more than three years prior to the filing of the claim for refund of such taxes.[1] In opposing the motion to dismiss, plaintiff denies that his claim for refund is time-barred.

For the reasons and under the circumstances set forth below, defendant's motion—to be treated as one for summary judgment because of defendant's presentation of matters outside the pleadings—is granted. Plaintiff's complaint will be dismissed pursuant to RUSCC 58.

## FACTS

The facts necessary to consideration of defendant's motion are few, and undisputed.

During calendar year 1979, federal income tax was withheld with respect to plaintiff's tax liability for that year by means of payroll deductions totaling $17,544. On April 15, 1980, plaintiff filed an application for an automatic 2-month extension of time, to June 15, 1980, within which to file his federal income tax return for 1979. With the application, he made a payment of $4,000, the stated "Total tax you expect to owe for 1979 * * *."

Plaintiff did not file his 1979 federal income tax return by June 15, 1980. When finally filed December 20, 1983, that return reported a federal income tax due for 1979 of $19,092, and requested a refund of $2,452 ($17,544 plus $4,000 less $19,092). By letter, dated March 16, 1984, to plaintiff, the Internal Revenue Service disallowed the claim for refund. This action followed.

## DISCUSSION

■ Plaintiff's federal income tax return for 1979, filed December 20, 1983, constituted a timely claim for refund. Defendant concedes that the said claim was "filed * * * within 3 years from the time the return was filed" under section 6511(a).[2] See *Borbridge v. United States,* 230 Ct.Cl. 794 (1982); *McGregor v. United States,* 225 Ct.Cl. 566, 650 F.2d 289 (1980). Defendant contends, however, that under section 6513(b)(1), the amounts plaintiff seeks to have refunded to him were paid outside the three-year time period prescribed by section 6511(b)(2)(A), and that, accordingly, plaintiff is not entitled to recover.[3] *McLeod v. United States,* 229 Ct.Cl. 810 (1982); see also *Borbridge,* 230 Ct.Cl. at 794–95; *Harvey v. United States,* 226 Ct.Cl. 605 (1981); *McGregor,* 225 Ct.Cl. at 567, 650 F.2d 289, and cases there cited.

■ Plaintiff's response to this argument is two-fold. First, he asserts that it would be "manifestly unjust" to hold that he may not recover simply because no federal income taxes for 1979 were paid within the three years immediately preceding the

---

1. All statutory references are to the Internal Revenue Code as in force during the period here relevant. Section 6511(b)(2)(A) provides in pertinent part that the amount of a credit or refund "shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return."

2. Section 6511(a) prescribes a "Period of Limitation on Filing Claim" for credit or refund of an

overpayment of tax; section 6511(b)(2)(A) prescribes a "Limit on amount of credit or refund" notwithstanding the filing of a claim for credit or refund "during the 3-year period prescribed in subsection (a) * * *." See note 1, *supra.*

3. In its briefs, defendant does not specifically allude to, or rely upon, section 6513(b)(2). *Cf. Binder v. United States,* 590 F.2d 68 (3d Cir. 1978).

filing of the claim for refund of such taxes. The assertion has no merit. On the facts of this case, and "Under the [governing] statute, which is explicit and unqualified, [plaintiff] can recover nothing * * *." *Borbridge*, 230 Ct.Cl. at 795. If this result is harsh, it is for Congress, and not this court, to provide a remedy. *Harvey*, 226 Ct.Cl. at 607; *Kingston Products Corp. v. United States*, 177 Ct.Cl. 471, 368 F.2d 281, 288 (1966).

 Plaintiff also contends that his April 1980 payment of what his complaint describes as "expected" federal income taxes for 1979 "should be considered only as an advance deposit," not a payment of a "defined tax," and, that, in the circumstances, his right to recover in this action is not time-barred. That contention too lacks merit.[4] See *McLeod v. United States*, 229 Ct.Cl. at 811 (estimated tax payments in 1973 and 1974 held "payments * * * made more than three years before the plaintiffs filed their refund claims * * * " for section 6511(b)(2)(A) purposes, with the result that "the claims were untimely."); see also *Northern Natural Gas Co. v. United States*, 173 Ct.Cl. 881, 354 F.2d 310, 315 (1965); *Reading Co. v. United States*, 120 Ct.Cl 223, 98 F.Supp. 598, 599 (1951); *Hanley v. United States*, 105 Ct.Cl. 638, 63 F.Supp. 73 (1945); and see *Binder v. United States*, 590 F.2d 68 (3d Cir.1978); *Chemical Bank New York Trust Co. v. United States*, 275 F.Supp. 26, 29–30 (S.D.N.Y.), aff'd 386 F.2d 995 (2d Cir.1967).

In contending that the amount plaintiff seeks to recover in this action was paid more than three years before the filing of the claim for refund, defendant is right. Plaintiff has offered no legitimate reason for reaching any different result, nor is any valid basis for doing so apparent. Section 6511(b)(2)(A) therefore bars the claimed "credit or refund." Plaintiff has failed to state a claim upon which relief can be granted, and his complaint must be dismissed.

---

4. *Rosenman v. United States*, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945) cited by plaintiff, is, all else aside, inapposite here. *Ford v. United States*, 618 F.2d 357 (5th Cir.1980), also cited, is of no more help, in light of the many decisions of the Court of Claims cited herein.