EDWARD B. DILLARD, JR., AND MARLENE L. DILLARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dillard v. Commissioner
Docket No. 20596-90
United States Tax Court
T.C. Memo 1992-126; 1992 Tax Ct. Memo LEXIS 149; 63 T.C.M. (CCH) 2255; T.C.M. (RIA) 92126; March 3, 1992, Filed *149 Decision will be entered for respondent. Edward B. Dillard, Jr. and Marlene C. Dillard, pro se. Timothy P. Brynteson, for respondent. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This matter involves petitioners' claim that they have made an overpayment of their 1987 taxes in the amount of $ 4,778. Petitioners paid all of their tax through withholding and did not file returns for tax years 1983 through 1988. Petitioners were subjected to a lengthy audit of tax years 1983 through 1986. During the period of March through September of 1990 petitioners settled tax years 1983 through 1986. Petitioners received $ 22,000 in refunds from respondent as a result of the settlement. During their settlement negotiations with respondent, petitioners expressed a desire to take care of their 1987 and 1988 taxes, which had also been audited. Respondent's agents informed petitioners that no action would be taken until the IRS Appeals office in Washington set a date to hear their case. Petitioners followed this advice and did nothing with respect to their 1987 and 1988 taxes. Meanwhile, on July 11, 1990, respondent issued a statutory notice of deficiency for tax years 1987 and 1988 *150 based on the Forms W-2 and the Forms 1099 sent to her by petitioners' employers and financial institutions. Petitioners timely petitioned this Court on September 10, 1990. In October 1991 petitioners filed their 1987 and 1988 tax returns, claiming a refund for both tax years. Respondent allowed the 1988 refund, but disallowed the 1987 refund based on the expiration of the statute of limitations. As hereinafter discussed, if petitioners had filed their 1987 claim for refund before April 15, 1990, they would have been entitled to the refund. Accordingly, we understand petitioners as arguing that they would have filed their claim before April 15, 1990, but for their reliance on respondent's advice that no action would be taken until the IRS Appeals office in Washington set a date for the hearing of tax years 1987 and 1988. Taxpayers who file a claim for refund are subject to the limitations of section 6511. [1] Section 6511(a) provides, in general, that a claim for credit or refund must be made by the taxpayer within 3 years from the time the tax return was filed or 2 years from the time the tax was paid, whichever period expires later. Where no tax return is filed, a claim for *151 credit or refund must be filed within 2 years from the time the tax was paid. Petitioners filed their 1987 tax return, claiming a $ 4,778 refund, in October 1991; accordingly, their claim is "within three years from the time the return was filed" under section 6511(a). Section 6511(b)(2)(A) provides that when a claim is filed within 3 years from the time the return was filed, which it was in this case, the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus extensions. There were no extensions, so the amount of petitioners' credit is limited to the amount of tax paid between October 1988 and October 1991. Since petitioners paid their taxes by withholding for 1987, they are deemed to have paid their 1987 tax liability on April 15, 1988. Sec. 6513(b)(2). Thus, petitioners paid zero tax *152 between October 1988 and October 1991 and section 6511(b)(2)(A) limits the amount of credit or refund to zero. [2]
Petitioners argue that they followed respondent's advice and are now being penalized by the statute of limitations. In effect, petitioners argue that they detrimentally relied on respondent's agents and now seek to assert estoppel against the Government. The doctrine of equitable estoppel is applied against the Government only with the utmost caution and restraint. . The elements that must be shown before the doctrine will be applied include: (1) The making of a *153 false representation or a wrongful misleading silence; (2) the error must be in a statement of fact and not in an opinion or a statement of law; (3) the person claiming the benefits of estoppel must be ignorant of the true facts; and (4) he must be adversely affected by the acts or statements of the person against whom an estoppel is claimed. ; , affd. . Petitioners became acutely aware that they have a duty to file tax returns through the lengthy audit of their 1982 through 1986 tax returns. While settling 1982 through 1986, petitioners also wanted to settle the 1987 and 1988 controversies. It was at this point, sometime between March and September 1990, that respondent's agents told petitioners that no action could be taken until the Washington IRS Appeals office set a date to hear their case. We are not sure why petitioners had not already prepared their 1987 and 1988 tax returns when this conversation took place. Petitioners were aware of their experience with tax years 1982 *154 through 1986, and must have known that they would need to prepare something for the upcoming IRS Appeals hearing on tax years 1987 and 1988. We understand how petitioners interpreted the statements of respondent's agent to mean that they should drop everything and wait. However, we believe respondent's agent was not considering the statute of limitations or the fact that petitioners had not yet filed their 1987 or 1988 tax returns, but rather was referring to the IRS's own settlement procedures. The acts of respondent's agent in this case are not sufficient to apply the doctrine of equitable estoppel. Accordingly, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated.↩
2. Sec. 6512(b)(3)(B) incorporates the periods set forth in sec. 6511(b)(2), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed). A claim for refund could have been filed on July 11, 1990, the date of the notice of deficiency. Accordingly, sec. 6512(b)(3)(B) incorporates the same sec. 6511(b)(2) limits as applied above.↩