**Grace RAIMO, Administratrix of the estate of Joseph John Spagnuolo, aka Joe Spinell, deceased, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 92–74 T.

United States Claims Court.

May 27, 1992.

---

Grace Raimo, pro se, plaintiff.

Mildred L. Seidman and Arthur Hoene, Attys., Washington, D.C., with whom was Acting Asst. Atty. Gen. James A. Bruton, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss pursuant to RUSCC 12(b)(4). For the reasons set forth below, the court grants defendant's motion.

## FACTS

In 1985, 1986 and 1987, Mr. Joseph John Spagnuolo, aka Joe Spinell, received wages from which federal income tax was withheld. Mr. Spagnuolo did not file an income tax return for tax years 1985, 1986 and 1987. On January 13, 1989, Mr. Spagnuolo died, and on August 29, 1990, plaintiff, decedent's sister, was appointed administratrix of Mr. Spagnuolo's estate by the state of New York. On September 26, 1991, plaintiff filed Forms 1040 on behalf of decedent's estate for tax years 1985, 1986, and 1987, and requested a refund of $1224.43 on the 1985 tax return, which was received by the Internal Revenue Service (IRS) on September 30, 1991. By letter dated November 26, 1991, the IRS denied plaintiff's request.[1] After the IRS denied her request for a refund, plaintiff filed a

---

1. On January 3, 1992, plaintiff filed a Form 843 with the IRS, claiming the same $1224.43 refund. This form is not applicable to requests for refunds on personal income tax and was therefore ignored.

complaint in this court on January 30, 1992. On April 20, 1992, plaintiff amended her complaint and added claims for refunds of taxes paid by Mr. Spagnuolo for years 1986 and 1987 in the amounts of $2323.86 and $1227.97 respectively.[2] Plaintiff seeks a total refund of $4776.26 for tax years 1985, 1986, and 1987. Plaintiff also filed Forms 1040 for 1986 and 1987 on September 26, 1991 that were received by the IRS on September 30, 1991.

## DISCUSSION

■ Defendant moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to RUSCC 12(b)(4). The government argued that while plaintiff filed her claim in a timely fashion pursuant to 26 U.S.C. § 6511(a),[3] 26 U.S.C. § 6511(b)(2)(A) limited the amount recoverable to "the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to three years plus the period of any extension of time for filing the return...." Given that plaintiff filed the claims for a refund on September 30, 1991, the earliest possible tax payment applicable toward her claim would have been any payment made on or after September 30, 1988. *Borbridge v. United States*, 230 Ct.Cl. 794, 794 (1982). Furthermore, to qualify for a refund under 26 U.S.C. § 6511(b)(2)(A), a tax payment would have to be a payment toward the tax year for which the refund was claimed. *Graham v. I.R.S.*, 602 F.Supp. 864, 865–66 (W.D.Pa.1984); *Beal v. United States*, 535 F.Supp. 404, 406 (C.D.Ill.1981). *Cf. Bankers Trust Co. v. United States*, 308 F.Supp. 545, 546 (S.D.N.Y.1970). Section 6513(b)(1) of the Internal Revenue Code[4] provides

that payment of taxes paid through withholdings from wages is deemed to occur on April 15th of the year following the withholding. Thus, Mr. Spagnuolo's 1985 taxes were deemed paid on April 15, 1986; his 1986 taxes on April 15, 1987; and his 1987 taxes on April 15, 1988.

■ Plaintiff's complaint alleged that Mr. Spagnuolo's death tolled the running of 26 U.S.C. § 6511(b)(2)(A) on January 13, 1989. Plaintiff contended that the date of filing of all three tax returns and claims for refunds should be the date of Mr. Spagnuolo's death. Under plaintiff's theory, if Mr. Spagnuolo's death tolled the statute, the earliest possible tax payment applicable under 26 U.S.C. § 6511(b)(2)(A) would be January 13, 1986, and the refund for all three years, 1985, 1986, and 1987, would then fall within the statutory three year period.

■ Generally, in cases of tax refunds, plaintiff's complaint should be given the highest consideration, and courts should interpret the language of the tax code to avoid taxpayer hardship where the taxpayer has overpaid his or her taxes. *Glaze v. United States*, 641 F.2d 339, 343 (5th Cir.1981). Furthermore, a *pro se* plaintiff faced with a motion to dismiss should have the complaint construed as alleging all fairly and reasonably inferable claims. *Cutler v. Weinberger*, 516 F.2d 1282, 1286 (2d Cir.1975); *Castillo Morales v. United States*, 19 Cl.Ct. 342, 344 (1990); *Pope v. United States*, 15 Cl.Ct. 218, 224 n. 4 (1988). Tolling of a congressionally mandated time limitation, however, is granted under only the most extreme circumstances, such as times of war. *Soriano v. United States*, 352 U.S. 270, 275–76, 77

---

**2.** Defendant correctly pointed out the error in plaintiff's subtraction for the claimed refund for 1987. As defendant noted, the proper calculation was:

| | |
|---|---|
| Credit for withheld taxes | $2,036.97 |
| Tax liability | $ 699.00 |
| Refund due | $1,337.97 |

**3.** This section provides in pertinent part:
Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3

years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later....
26 U.S.C. § 6511(a) (1988).

**4.** This section provides in pertinent part:
[f]or purposes of section 6511 or 6512 ... [a]ny tax actually deducted and withheld ... during the calendar year ... shall ... be deemed to have been paid ... on the 15th day of the fourth month following the close of [the taxpayer's] taxable year....
26 U.S.C. § 6513(b)(1) (1988).

S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). Personal predicaments will not affect the statutory time limit. *Swietlik v. United States*, 779 F.2d 1306, 1311 (7th Cir.1985); *Stepka v. United States*, 196 F.Supp. 184, 185 (E.D.N.Y.1961).

Plaintiff urged the court to adopt the rule used in the state of New York: "[w]here a person entitled to commence an action dies before the expiration of the time within which the action must be commenced and the cause of action survives, an action may be commenced by his representative within one year after his death." N.Y.Civ.Prac.L. & R. § 210(a) (Consol.1992). While it has been held that a court should look to the state statute of limitations in cases where there is no such limitation in the federal statute, that is not the case in this instance. *Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980). Section 6511(b)(2)(A) clearly states that a claim is only applicable to those taxes paid in the previous three years on the tax liability against which the claim is made. Furthermore, even were the New York rule applicable, more than one year passed between the date of decedent's death and plaintiff's filing of tax return on the estate's behalf. Thus, the New York statute is of little use to plaintiff.

## CONCLUSION

Plaintiff's recovery is limited to 1985, 1986, and 1987 taxes paid by Mr. Spagnuolo after September 30, 1988, the date three years preceding the date plaintiff filed decedent's Forms 1040 for 1985, 1986, and 1987. As this amount is naught plaintiff is entitled to no recovery. Plaintiff's complaint is dismissed with prejudice for failure to state a claim upon which recovery may be granted. No costs.