STEVEN J. BRAMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Braman v. Commissioner
Docket No. 17235-91
United States Tax Court
T.C. Memo 1992-636; 1992 Tax Ct. Memo LEXIS 667; 64 T.C.M. (CCH) 1195; November 2, 1992, Filed *667 Decision will be entered under Rule 155. On May 3, 1991, at the time the notice of deficiency was mailed, P had filed neither a tax return for 1988 nor a claim for credit or refund of 1988 tax. P actually overpaid his 1988 tax through withholding deemed paid on April 15, 1989. P had been granted two extensions, extending his time to file a return to October 15, 1989. P filed his tax return for 1988 on November 18, 1991. Held: the 2-year period for filing a claim for credit or refund of the overpayment of tax applies. Secs. 6511 and 6512, I.R.C.; Allen v. Commissioner, 99 T.C.     (Oct. 6, 1992), followed. For Steven J. Braman, pro se. For Respondent: Donza M. Poole
PARKER
PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: By statutory notice of deficiency dated May 3, 1991, respondent determined a deficiency in petitioner's Federal income tax for 1988 and additions to tax as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6654(a)
$ 21,953
$ 3,204.25
$ 1,097.65
$ 753 -
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years at issue, and all *668 Rule references are to the Tax Court Rules of Practice and Procedure. The issue for decision is whether petitioner is entitled to a determination of an overpayment of his 1988 income tax. The fact of an overpayment is not in dispute, only whether there is a statutory limitation on the amount of any credit or refund that can be allowed. FINDINGS OF FACT The parties submitted this case fully stipulated pursuant to Rule 122(a). The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time the petition was filed, petitioner Steven J. Braman (hereinafter petitioner) resided in New Rochelle, New York. Throughout the year 1988, petitioner was married to Daurielle Horowitz, then known as Daurielle Braman. During 1988, petitioner was employed by Twenty-First Securities Corporation and by Prudential Bache Securities. As an employee of Twenty-First Securities Corporation and of Prudential Bache Securities, petitioner received $ 59,063 in wages for his work in 1988. For 1988, the two companies withheld a combined $ 8,984 in Federal income tax from petitioner's wages. In addition, petitioner had excess FICA withholding of $ 155 for *669 1988. On April 15, 1989, petitioner obtained from respondent an extension of time, to August 15, 1989, to file his 1988 Federal income tax return. On August 17, 1989, petitioner obtained a further extension of time, to October 15, 1989, to file his 1988 tax return. Petitioner did not file his 1988 tax return on or before October 15, 1989. On May 3, 1991, respondent mailed a statutory notice of deficiency to petitioner for the taxable year 1988. As of May 3, 1991, petitioner still had not filed a Federal income tax return for the taxable year 1988 and had not filed any claim for credit or refund of an overpayment of tax for the taxable year 1988. On November 18, 1991, petitioner submitted a 1988 Federal income tax return to respondent's appeals officer, Carolyn Ratzman, on which he elected a filing status of "married filing separately". On April 18, 1992, respondent accepted from petitioner's former wife, Daurielle Horowitz, a signed Form 870-AD, Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, relative to her 1988 tax liability. That Form 870-AD reflects the tax liability of Daurielle Horowitz computed jointly *670 with petitioner for the taxable year 1988. Respondent has agreed to allow petitioner to compute his Federal income tax liability for the taxable year 1988 jointly with his former wife. The parties now agree that petitioner's correct income tax liability for 1988 is $ 6,948 plus additions to tax pursuant to section 6651(a)(1) in the amount of $ 100 and section 6653(a)(1) in the amount of $ 347.40. The parties further agree that there is no addition to tax due from petitioner for the taxable year 1988 under section 6654(a). Petitioner's withholding credits for the taxable year 1988 are $ 9,139 ($ 8,984 plus $ 155). Respondent has allowed the taxes withheld in 1988 to offset the correct tax liability and the additions to tax for 1988. Thus, it would appear that petitioner has made an overpayment in the amount of $ 1,743.60. OPINION Under section 6512(b)(1), this Court has jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for the year or years at issue. However, section 6512(b)(3)[1] limits the amount of the allowable credit or refund based on the time of payment of the tax, i.e., the tax must be paid after mailing of the *671 deficiency notice or paid within certain limitations periods for filing a claim for credit or refund. Section 6512(b)(3) provides that: (3) LIMIT ON AMOUNT OF CREDIT OR REFUND. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be *672 applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency -- (i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532. Here, no portion of the 1988 tax was paid after the mailing of the deficiency notice. Sec. 6512(b)(3)(A). No claim for credit or refund had been filed "before the date of the mailing of the notice of deficiency". Sec. 6512(b)(3)(C) (Emphasis added). The question is whether any portion of the tax was paid within the period that would have been applicable if such a claim had been filed "on the date of the mailing of the notice of deficiency", May 3, 1991. Sec. 6512(b)(3)(B); (Emphasis added). The claim need not have actually been filed as long as it could have been filed on that date. Allen v. Commissioner, 99 T.C.    ,    *673 (Oct. 6, 1992) (slip op. at 4); Galuska v. Commissioner, 98 T.C. 661, 664 (1992); Berry v. Commissioner, 97 T.C. 339, 343 (1991). [2] Petitioner must show that the tax was paid within the period applicable under section 6511(b)(2), [3] which is expressly incorporated by reference into section 6512(b)(c)(B). Section 6511(a) provides, generally, that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever period expires later. Section 6511(a) also expressly provides that if no return *674 was filed by the taxpayer, the claim must be filed within 2 years from the time the tax was paid. As this Court pointed out in Allen v. Commissioner, 99 T.C. at     n.5, and     (slip op. at p. 6 n.5, and 7-8), this 3-year period for filing a claim for credit or refund is measured forward from the time a return was in fact filed. While section 6511(a) provides the limitations periods for filing claims for credit or refund, section 6511(b), like section 6512(b), limits the amount of any such credit or refund. Section 6511(b)(2) provides limitations on the amount of any credit or refund as follows: (A) LIMIT WHERE CLAIM FILED WITHIN 3-YEAR PERIOD. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim. (B) *675 LIMIT WHERE CLAIM NOT FILED WITHIN 3-YEAR PERIOD. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) LIMIT IF NO CLAIM FILED. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed. Petitioner argues that the 3-year period of section 6511(b)(2)(A) applies to his case. He asserts that the 1988 tax return he filed on November 18, 1991, serves both as his return and as a simultaneously filed claim for credit or refund that triggers the 3-year period of section 6511(b)(2)(A). Thus, petitioner contends that he is entitled to a credit or refund equal to the portion of tax paid within the 3 years, plus the period of any extension of time for filing the return, immediately preceding the filing of the claim. [4]Sec. 6511(b)(2)(A). In Allen v. Commissioner, supra, we warned of potential confusion as to the two different 3-year periods referred to in section 6511(b)(2)(A). *676 That warning bears repeating here: There is potential confusion because two different 3-year periods are referred to in sec. 6511(b)(2)(A). One is based on the 3-year period for filing a claim for refund in sec. 6511(a), measured from the time a return was in fact filed, and the other limiting the amount refundable to the amount paid during the 3-year look-back period immediately preceding the filing of the claim. Allen v. Commissioner, 99 T.C. at     n.5 (slip op. at p. 6 n.5; emphasis in original). The 3-year look-back period does not apply in petitioner's *677 case because before the time of mailing of the deficiency notice, petitioner had not filed a 1988 tax return nor any claim for credit or refund of an overpayment of 1988 tax. [5] On the date of the mailing of the notice of deficiency, petitioner is deemed to have filed his claim for credit or refund. On the date of the deemed-filed claim, no tax return had been filed, and the 2-year look-back period applies. Allen v. Commissioner, supra.Section 6511(a) expressly provides that if no return was filed, a claim must be filed within 2 years from the time the tax was paid. Where the 2-year look-back period applies, as here, any credit or refund is limited to the portion of the tax "paid during the 2 years immediately preceding the filing of the claim." Sec. 6511(b)(2)(B). Since no claim for credit or refund was actually filed on or before the date of mailing of the *678 deficiency notice, we must consider the deemed-filed claim that could have been filed on that date. Sec. 6512(b)(3)(B). Thus, under such deemed-filed claim, the amount of any credit or refund is limited to the portion of the tax paid "during the 2 years immediately preceding the filing of the [deemed-filed] claim" of May 3, 1991. Sec. 6511(b)(2)(B). No portion of the 1988 tax was paid during the 2-year period immediately preceding May 3, 1991. Here, petitioner's 1988 tax was paid wholly through withholding, and thus is deemed to have been paid on April 15, 1989. Sec. 6513(b)(1). As a result, petitioner is not entitled to a credit or refund of his 1988 overpayment. Petitioner may rely on some language in Berry v. Commissioner, 97 T.C. 339 (1991), to support his position that the 3-year look-back period applies to his case: If, as petitioners seem to suggest, they are relying on the delinquent return that was filed after the mailing of the deficiency notices, i.e., on March 30, 1989, that avails them not at all. Assuming they could file such a refund claim, the amount of any credit or refund would be limited to the portion of the tax "paid within *679 the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." Sec. 6511(b)(2)(A). No portion of the 1982 tax was paid within that period. Berry v. Commissioner, supra at 344-345. See also Galuska v. Commissioner, 98 T.C. at 671-672. The Court was merely pointing out that, even if section 6511(b)(2)(A) were applicable, no portion of the tax had been paid during that period, and, therefore, the overpayment remained unrecoverable in both cases. Furthermore, we held in Berry and Galuska, as we do here, that section 6511(b)(2)(A) is not applicable when a tax return has not been filed by the date of the mailing of the notice of deficiency. Allen v. Commissioner, supra.
In other cases where taxpayers have sought to rely on a late-filed return as a timely claim for refund, the delinquent return was filed more than 3 years, plus any extensions, after the deemed-date-of-payment of the taxes. Galuska v. Commissioner, 98 T.C. at 671-672; Berry v. Commissioner, 97 T.C. at 344-345; *680 Dixon v. United States, 7 Cl. Ct. 377 (1985). [6] The case of Allen v. Commissioner, supra, and this case involve a late-filed return, one filed more than 2 years after the deemed-date-of-payment of the taxes, but less than 3 years, plus any extensions, after the deemed-date-of-payment of the taxes. However, as we held in Allen, and as we do here, the section 6511(a) 3-year limitations period for filing a claim for credit or refund and the section 6511(b)(2)(A) 3-year look-back period are not applicable when the tax return had not been filed by the date of the mailing of the notice of deficiency. *681 As in Allen v. Commissioner, supra, here too we consider the critical date to be the date of the mailing of the notice of deficiency. Before that critical date no return had been filed. Accordingly, the 3-year period for filing a claim for credit or refund of an overpayment under section 6511(a) and 6511(b)(2)(A), which is measured from the date of actual filing of the return, did not apply. Thus, the 3-year look-back period of section 6511(b)(2)(A), which limits the amount of any credit or refund allowable to amounts paid within the 3-year plus extension periods, was not applicable. Since no return had been filed on or before the date of the mailing of the notice of deficiency, the 2-year period for filing a claim for credit or refund applied. Sec. 6511(a). Since the 2-year period for filing a claim applied, the 2-year look-back period applied. Sec. 6511(b)(2)(B). The deficiency notice serves as a deemed-filed claim for credit or refund, and the 2-year look-back period, which limits the amount of any credit or refund allowable to amounts paid within the preceding 2-year period applies. Since no portion of the overpayment was paid or deemed paid within that 2-year *682 period, no credit or refund is allowable and petitioner is not entitled to any overpayment of his 1988 taxes. As we have reiterated in our recent Allen, Galuska, and Berry opinions, these statutory limitations on the time for filing claims for credit or refund and on the amount of any credit or refund that can be allowed have long been applied to other taxpayers who at the time of the mailing of the deficiency notice had neither filed a tax return nor filed a claim. Allen v. Commissioner, 99 T.C. at     (slip op. at 8-9); Galuska v. Commissioner, 98 T.C. at 666 and n.4; Berry v. Commissioner, 97 T.C. at 345 and n.7. While the result may seem harsh where the tax has actually been overpaid by withholding, the result is mandated by the law and can be avoided simply by timely filing one's tax return. We conclude on this record that no credit or refund of any part of the overpayment is allowable, and petitioner is not entitled to an overpayment for his 1988 taxable year. To reflect the above holding and the parties' concessions, Decision will be entered under Rule 155. Footnotes
1. Sec. 6512(b)(3), formerly sec. 6512(b)(2)↩, was redesignated by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647 (TAMRA), sec. 6244(a), 102 Stat. 3750, effective for overpayments determined by the Tax Court which had not been refunded on the 90th day after November 10, 1988. See TAMRA sec. 6244(c).
2. Morin v. Commissioner, T.C. Memo. 1990-404; Estate of Wheeler v. Commissioner, T.C. Memo. 1979-321↩.
3. Secs. 6511(c) and (d)↩ are clearly inapplicable to the facts of this case, the parties do not suggest that they have any applicability, and we will not further discuss those provisions.
4. Petitioner was granted two extensions of time to file his 1988 return, to and including October 15, 1989. Petitioner contends that April 15, 1989, the date on which petitioner is deemed to have paid his 1988 taxes through withholding, is well within the period of 3 years plus the extensions of time immediately preceding the filing of a claim on November 18, 1991, the date petitioner delinquently filed his 1988 return. Sec. 6511(b)(2)(A)↩.
5. There also is no evidence that petitioner's former spouse had filed a 1988 tax return at the time of the mailing of the notice of deficiency.↩
6. In Dixon v. United States, 7 Cl. Ct. 377 (1985), no deficiency notice had ever been mailed to the taxpayer, so there was no deemed-filed claim occurring prior to the filing of the delinquent tax return. While the Claims Court found that the delinquent return was both a return and a timely claim for credit or refund of the overpayment, the overpayment was not recoverable because none of Mr. Dixon's taxes were withheld or paid during the 3-year look-back period. Yet, the Claims Court's Dixon↩ opinion does not help petitioner. This Court agrees generally that a late-filed tax return may constitute a timely claim for refund, absent the intervening issuance of a deficiency notice. However, the fact that a notice of deficiency was mailed to petitioner prior to the filing of his 1988 return prohibits recovery in this case.