23 F.3d 406
 73 A.F.T.R.2d 94-1765
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
R. Dan ALLEN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-1329.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1994.
 
 Before: JONES and BOGGS, Circuit Judges; and FEIKENS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 R. Dan Allen, petitioner-appellant, appeals a decision of the United States Tax Court. The Tax Court ruled that, while Allen had overpaid taxes for tax year 1987, he was not entitled to a refund of any of those payments because his claim for a refund was not filed on time. For the reasons discussed herein, we affirm the Tax Court's decision.
 
 
 2
 * On April 15, 1988, Allen filed for an automatic extension of time until August 15, 1988, to file his 1987 tax return. He made an estimated tax payment of $7575 with his filing. Allen did not file his 1987 income tax return by the August 15 deadline.
 
 
 3
 The IRS determined that there was a deficiency of $24,644 in his income tax for tax year 1987 and mailed Allen a notice of deficiency on July 24, 1990. The notice also stated that Allen would be assessed penalties for failure to file his return and pay his taxes. "Prodded into action" by the notice of deficiency, Allen filed his 1987 income tax return on October 2, 1990. The return reported income of $33,343 and a tax liability of $5571, but indicated that $15,020 had been withheld from his wages and that $7575 in estimated taxes had been paid. On October 22, 1990, Allen petitioned the Tax Court for a redetermination of his income tax liability for 1987. Allen sought a ruling that he had overpaid his taxes and was entitled to a refund.
 
 
 4
 The parties stipulated that Allen's 1987 income was $33,343 and that his total tax liability was $5571 (before application of the $22,595 in withholding and estimated payments). The parties also stipulated that Allen was liable only for a $100 penalty for failure to file a timely return. The only issue remaining, as the parties agreed and the Tax Court accepted for determination, was whether Allen was entitled to a refund of his overpayment of $17,024 ($22,595 in payments minus his $5571 liability) or whether recovery was barred by operation of the Internal Revenue Code.
 
 
 5
 The Tax Court ruled that Allen was not entitled to a credit or refund of any part of the overpayment for 1987. The Tax Court reasoned that, under the applicable statutes, Allen was deemed to have filed his return on the date that the deficiency notice was sent and that he could get a refund only of the amount paid in the two-year period immediately preceding that date. Allen had made all his payments before that two-year period and thus he was entitled to no refund or credit. Allen appeals to this court under 26 U.S.C. Sec. 7483.
 
 II
 
 6
 The Code provides specific jurisdictional limits on the Tax Court's authority to determine and allow refund of or credit for overpayment. Thus, Sec. 6512 provides:
 
 
 7
 (b) Overpayment determined by Tax Court.--
 
 
 8
 (1) Jurisdiction to determine.--Except as provided in paragraph (3) ..., if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, ... the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall ... be credited or refunded to the taxpayer.
 
 
 9
 * * *
 
 
 10
 (3) Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid--
 
 
 11
 * * *
 
 
 12
 (b) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment....
 
 
 13
 26 U.S.C. Sec. 6512(b). Thus, the Tax Court would have jurisdiction to determine the overpayment and allow it to be credited or refunded to Allen only to the extent that the terms of Sec. 6512(b)(3)(B) apply.[1]
 
 
 14
 Whether Sec. 6512(b)(3)(B) applies turns on the terms of Sec. 6511. That section provides:
 
 
 15
 (a) Period of limitation on filing claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid....
 
 
 16
 (b) Limitation on allowance of credits and refunds.--
 
 
 17
 (1) Filing of claim within prescribed period.--No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.
 
 
 18
 (2) Limit on amount of credit or refund.--
 
 
 19
 (A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return....
 
 
 20
 (B) Limit where claim not filed within such 3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.
 
 
 21
 (C) Limit if no claim filed.--If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.
 
 26 U.S.C. Sec. 6511.[2]
 
 22
 Under Sec. 6512(b)(3)(B), the Commissioner deems a claim for refund to have been filed on the date that the notice of deficiency is mailed, and Allen does not dispute that interpretation. Thus, Allen's claim for refund is deemed to have been filed July 24, 1990 (whereas the "actual" filing date was October 2, 1990, when he filed his return and requested credit for the overpayment). By operation of Sec. 6512(b)(3)(B), Allen may not recover any amount overpaid if the overpayment was not made within the period which would apply under Sec. 6511(b)(2). Allen agrees that his payments are deemed to have been made April 15, 1988. 26 U.S.C. Secs. 6513(b)(1) and (2). Section 6511(b)(2)(A) prescribes a three-year, four-month (due to the automatic extension) period preceding the filing of the claim for refund, and Sec. 6511(b)(2)(B) prescribes a two-year period preceding the filing of the claim for refund. Allen's payments were outside the two-year period (which would have gone back to July 24, 1988), but inside the three-year, four-month period (which would have gone back to March 24, 1987). Thus, the vital issue is whether Sec. 6511(b)(2)(A) or Sec. 6511(b)(2)(B) applies to Allen's claim.
 
 
 23
 Section 6511(b)(2)(A) applies if the claim for refund was filed during the "3-year period prescribed in [Sec. 6511(a) ]," but Sec. 6511(b)(2)(B) applies if the claim was not filed during that period. Section 6511(a) requires a claim for refund to be filed within three years after the return is filed, but if no return is filed, the claim must be made within two years after the tax is paid. When Allen's claim was deemed to have been filed on July 24, 1990, he had filed no return. Thus, Allen did not file his claim "within 3 years from the time the return was filed"--the "3-year period prescribed in [Sec. 6511(a) ]"--and therefore Sec. 6511(b)(2)(A) does not apply to his claim. Rather, Sec. 6511(b)(2)(B) applies. See Berry v. Commissioner, 97 T.C. 339 (1991); Galuska v. Commissioner, 98 T.C. 661 (1992), aff'd, 5 F.3d 195 (7th Cir.1993). Because Allen made all of his 1987 tax payments outside of the two-year period prescribed in Sec. 6511(b)(2)(B), the Tax Court correctly held that the Code barred any refund or credit of his overpayment.
 
 
 24
 Allen makes several arguments, none of which is persuasive, as to why Sec. 6511(b)(2)(A) should apply to his claim. Allen notes that Sec. 6511 prescribes limits on the time of filing a claim for refund and limits on the amounts of such claims. Because, he argues, Sec. 6512(b)(3)(B) already provides the filing requirement (by deeming the claim to have been filed on the date that the notice of deficiency was mailed), Sec. 6512(b)(3)(B) is referring to the limitations on amounts when making reference to Sec. 6511(b)(2), not to the limitations prescribed in Sec. 6511(a) for filing. Allen also claims that the language in Sec. 6512(b)(3)(B)--"period which would be applicable under section 6511(b)(2)"--is capable of two meanings: the period prescribed in Sec. 6511(a) or the "lookback" provision in Sec. 6511(b)(2)(A) (i.e., "the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return"). Because Sec. 6512(b)(3)(B) is referring to the provision on limitations on amounts, the "applicable" period is that second, look-back provision of Sec. 6511(b)(2)(A). He also argues that, under "prevailing grammatical construction," the reference in Sec. 6511(b)(2)(B) to "such 3-year period" refers to that second, look-back provision, and not to "the 3-year period prescribed in subsection (a)."
 
 
 25
 Although Sec. 6512(b)(3)(B) does deem a filing date for claims, Allen's reading would effectively strike out the first clause of Sec. 6511(b)(2)(A), which makes explicit reference to Sec. 6511(a). Allen is correct that Sec. 6512(b)(3)(B) provides for when a claim is filed and that Sec. 6511(a) prescribes limits for the time for filing claims. However, Sec. 6511(a) also specifies the ramifications of that filing date.
 
 
 26
 Further, Allen does not indicate the "prevailing grammatical construction" on which he relies in arguing that Sec. 6511(b)(2)(B) refers to the second, look-back provision in Sec. 6511(b)(2)(A), and not to "the 3-year period prescribed in subsection (a)." Moreover, Sec. 6511(b)(2)(B) simply cannot be referring to that second, look-back provision. If it were referring to that provision, Sec. 6511(b)(2)(B), in referring to "such 3-year period," would be asking whether the claim was filed "within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." In short, under such a reading, Sec. 6511(b)(2)(B) would be asking whether the claim was filed within a certain amount of time before it was filed--a logical impossibility. In order for the reference in Sec. 6511(b)(2)(B) to "such 3-year period" to make sense, Sec. 6511(b)(2)(B) must be referring to a three-year period other than the second, look-back provision in Sec. 6511(b)(2)(A). Section 6511(a), by operation of Sec. 6511(b)(2)(A), supplies Sec. 6511(b)(2)(B)'s reference point: the three-year period following the filing of the return. Under this reading as well, the two-year period specified in Sec. 6511(a) for when no return is filed corresponds with the two-year look-back provision in Sec. 6511(b)(2)(B). See Galuska, 98 T.C. 661; Braman v. Commissioner, 64 T.C.M. (CCH) 1195 (1992).
 
 
 27
 Allen also cites cases in which returns were filed late but within three years of the due dates, and in which refunds of overpayments were allowed. Those cases are distinguishable. In Domtar Newsprint Sales Ltd. v. United States, 435 F.2d 563 (Ct.Cl.1970), the United States Court of Claims held that Sec. 6511(a) allows the filing of a claim within three years from the date the original but late return was filed. Allen's case is distinguishable because his claim was deemed to have been filed at a time when he had not filed a return. The rule from Domtar, to the extent that Domtar is at all applicable here,[3] is simply irrelevant to Allen's case. In Sachs v. United States, 941 F.2d 464 (6th Cir.1991), this court addressed Sec. 6511(d)(2)(A), which requires a claim to be filed within three years from the due date of return in certain circumstances (in Sachs, net operating losses were at issue) and provides nothing similar to Sec. 6511(a)'s allowance for the filing of a claim two years from the payment of taxes. Section 6511(d)(2)(A) is not at issue in Allen's case and, even though he filed his claim within three years from the due date of his return, that does nothing to change the operation of Sec. 6511(a) and Sec. 6511(b)(2). In Estate of Baumgardner v. Commissioner, 85 T.C. 445 (1985), the Tax Court held that the term "overpayment" includes assessed and paid interest and therefore the Tax Court, like other forums, had jurisdiction to determine overpayments of interest. Baumgardner says nothing about the effect that the time of the filing of the claim for refund has on the Tax Court's jurisdiction.
 
 
 28
 Allen also quotes at length from the legislative history of Sec. 6511 to show that Congress intended to extend for taxpayers the time for filing a claim for refunds to three years after the actual filing of the return, in order to put taxpayers on an equal footing with the Commissioner, who has the same amount of time to pursue an assessment. However, where, as here, the claim is filed before the return and no payments were made in the two years preceding the filing of the claim, the Code bars refund or credit of the overpayment. Allen's complaint lies more properly with the legislature. Such a result also provides an incentive to taxpayers to comply with their duty to file their tax returns in a timely manner, thereby enabling the Commissioner to administer the tax laws more effectively.
 
 
 29
 Allen also asserts that the "refund limitations cannot be curtailed by the unilateral actions of the Commissioner." He argues that "allowing a taxpayer's statutory right to a refund to be contingent upon actions or inactions of the Commissioner impermissibly cedes the jurisdiction of the Tax Court to determine an overpayment to an administrative agency." Allen relies on Millsap v. Commissioner, 91 T.C. 926 (1988), and Phillips v. Commissioner, 86 T.C. 433 (1986), aff'd, 851 F.2d 1492 (D.C.Cir.1988). In Millsap, the Tax Court held that the Commissioner may file a "substitute" return under Sec. 6020 when the taxpayer does not file his return, but the taxpayer may contest in deficiency proceedings the Commissioner's determination of the taxpayer's filing status. In Phillips, the Tax Court also addressed the issue of "substitute" returns, and held that "dummy" returns filed by the Commissioner are not "returns" and the taxpayer may still file a joint return under Sec. 6013(b). In those cases, the Tax Court was merely giving effect to the relevant statutory provisions, Secs. 6013 and 6020. Giving effect to the relevant statutory provisions in Allen's case produces the result that the Tax Court reached. As the Tax Court has said, while the result in Allen's case may seem harsh, it is "mandated by law" and is "a problem of the taxpayer's own creation." Berry, 97 T.C. 339.
 
 
 30
 Finally, Allen asserts that the Commissioner has treated him differently than other taxpayers similarly situated, relying on Dillard v. Commissioner, 63 T.C.M. (CCH) 2255 (1992), and Revenue Ruling 76-511, 1976-2 C.B. 428 (1976). The facts of Dillard are similar to the facts in Allen's case: a notice of deficiency for tax years 1987 and 1988 was mailed July 11, 1990; Dillard's taxes were paid April 15, 1988, and April 15, 1989, respectively; and a return for both years, with a claim for refund, was filed in October 1991. The Commissioner allowed a refund for overpayment for the taxes paid in 1988 but not for those paid in 1987. The facts in Dillard thus indicate that the Commissioner treated Dillard consistently with Allen's treatment.[4] In Revenue Ruling 76-511, the IRS interpreted Sec. 6511(b)(2)(A) to allow the filing of an original return later than three years after the due date of the return. The IRS disallowed recovery of the refund, however, because the claim, filed with the return, was filed more than three years after the payment of taxes. Thus, under the look-back provision of Sec. 6511(b)(2)(A), no taxes were paid in the three-year period immediately preceding the filing of the claim. Revenue Ruling 76-511, applying the Sec. 6511(b)(2)(A) look-back period, is not helpful to Allen, whose claim was deemed to have been filed before his return.
 
 III
 
 31
 Allen also raises in his appeal, for the first time, the issue of whether the amount he paid in filing his application for automatic extension of time to file was a payment of tax or a refundable deposit. In the Stipulation of Facts, the estimated tax was deemed a "payment." The parties also stipulated that the only issue before the Tax Court was whether Sec. 6511(b)(2) barred Allen's recovery of his overpayment; whether the payments constituted a deposit was not an issue. Further, Allen's petition to the Tax Court and the portion of Allen's brief regarding the first issue repeatedly calls the payment a "payment" (and not a "remittance" or a "deposit"). Also, 26 U.S.C. Sec. 6513(b), which describes when pre-paid income taxes are deemed to have been filed, states that estimated taxes are "paid" (and not "remitted" or "deposited"). Finally, Allen points to nothing that would indicate that he did not intend the remittance of the $7575 to be a "payment" of his (estimated) tax liability; he offers only belated conclusions. See Abadi v. United States, 782 F.Supp. 59, 62-63 (E.D.Mich.1992) (relying on Ameel v. United States, 426 F.2d 1270, 1273 (6th Cir.1970), and concluding that where taxpayer intended remittance to discharge his tax liability, the remittance is a "payment"); Ewing v. United States, 914 F.2d 499, 503-04 (4th Cir.1990) (approving of Ameel and concluding that where a remittance was submitted under a Closing Agreement settling a tax dispute but for which there was no formal assessment, that remittance is a "payment"), cert. denied, 111 S.Ct. 1683 (1991); cf. Risman v. Commissioner, 100 T.C. 1991 (1993) (remittance with application for automatic extension was a "deposit" and not a "payment" where, "under all of the relevant facts and circumstances," taxpayer and IRS treated the remittance as a deposit).
 
 IV
 
 32
 For the foregoing reasons, the decision of the Tax Court is AFFIRMED.
 
 
 
 *
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Because Allen made no payments after the notice of deficiency was mailed and because he filed no claim for refund before the notice was mailed, Secs. 6512(b)(3)(A) and (C) do not apply here, as the parties agree
 
 
 [2]
 Because the time for assessing the tax has not been extended by agreement and because we are not dealing with a situation involving bad debts, worthless securities, net operating losses, capital loss carrybacks, foreign tax credits, certain credit carrybacks, and self-employment tax "in certain cases," neither Sec. 6511(c) nor Sec. 6511(d) applies here, as the parties agree
 
 
 [3]
 Galuska, 5 F.3d at 197, stated that Domtar was "inapplicable because Section 6512 is limited to Tax Court proceedings."
 
 
 [4]
 The reasoning of the Tax Court in Dillard is a bit imprecise, though: despite noting the applicability of Sec. 6512(b)(3)(B) regarding the deemed filing of a claim on the date the notice of deficiency is mailed (July 11, 1990), the Tax Court affirmed on the basis that the 1987 taxes were not paid within the three-year period immediately preceding the date on which Dillard actually filed his return and claim (in October 1991). This reasoning would appear to support Allen's position. However, other decisions of the Tax Court indicate that Dillard does not represent the prevailing view of the Code. See, e.g., Braman, 64 T.C.M. (CCH) 1195; Galuska, 98 T.C. 661; Berry, 97 T.C. 339. Our reading of the Code persuades us that the reasoning of those other decisions, and not Dillard, is correct. Note, too, that the Tax Court in Dillard correctly recognized that if Dillard had filed a claim for refund before April 15, 1990, he would have been entitled to a refund of the payments for 1987, which were made April 15, 1988